■ In the Matter of LEON GROVER, II, Respondent-Appellant, v CARLA G. GROVER, Appellant-Respondent.—Casey, J. Cross appeals from an order of the Family Court of Schuyler County (Callanan, Jr., J.), entered August 24, 1987, which, inter alia, granted petitioner's application, in a proceeding pursuant to Domestic Relations Law § 240, for custody of Ashleigh M. Grover.

At issue on this appeal is whether Family Court erred in awarding custody of the parties' daughter to petitioner after respondent, who had physical custody pursuant to a prior order, moved to California with the child. The effect of respondent's relocation to California with the child was to deprive petitioner of the liberal visitation rights fixed by the prior order, which he regularly exercised prior to respondent's move.

In cases of this nature, we have required a showing of exceptional or compelling circumstances to justify a geographic relocation that effectively deprives a noncustodial parent of access to a child, since the child's best interest is served by a continued relationship with a noncustodial parent who has maintained reasonable visitation (Matter of Paesch v Paesch, 130 AD2d 798, lv dismissed 70 NY2d 723; Matter of Ferguson v Ressico, 125 AD2d 915). Each case, however, must be decided on its own particular facts (supra).

Respondent testified that she moved to California to accept an offer of a better job than she had in New York and to be closer to other members of her family. There is support in the record for respondent's claim that the relocation to California improved her working and living conditions, but we reject respondent's argument that the improved conditions were in the child's best interest and, therefore, justified the move. This argument ignores the adverse impact on the child's best interest which resulted from a relocation that effectively deprived the child of meaningful access to her father *(see, Weiss v Weiss,* 52 NY2d 170). It is this factor that distinguishes the case at bar from *Matter of Jones v Jones* (105 AD2d 535, *affd* 65 NY2d 649), relied upon by respondent.

While residing in New York, respondent was gainfully employed and she and her daughter had adequate housing. Although apparently dissatisfied with the hours of her job and the length of her daily commute, respondent concedes that she made no effort to find other employment in New York. Nor did she seek prior court approval of the relocation, which clearly violated the visitation schedule required by the prior order. While there is nothing in the record to suggest that respondent's move to California was motivated by an intent to deprive petitioner of his visitation rights, respondent did lie to petitioner when he questioned her about her future plans; petitioner discovered that respondent had moved to California with the child when he appeared at their former New York residence to exercise his regularly scheduled visitation rights.

Based upon our review of all of the facts and circumstances, we find no abuse of discretion in Family Court's order which awarded physical custody of the child to petitioner, with liberal visitation rights to respondent. Respondent also contends that she should have been given an opportunity to move back to New York before a change in custody was awarded. While Family Court has the authority to make such a conditional order in appropriate circumstances *(see, Matter of Paesch v Paesch, supra),* it is not required in every case.

Order affirmed, without costs. Mahoney, P. J., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.