■ In the Matter of JUANITA PASCO, Appellant, v THOMAS V. NOLEN, Respondent. (And Another Related Proceeding.)— Kane, J. Appeals (1) from an order of the Family Court of Saratoga County (James, J.), entered February 28, 1989, which denied petitioner's application, in a proceeding pursuant to Family Court Act article 6, to retain full custody of the parties' minor child upon relocation out of State, and (2) from an order of said court, entered June 6, 1989, which denied petitioner's application, in a proceeding pursuant to Family Court Act articles 4 and 6, to modify the prior order and, *inter alia,* granted the parties joint custody of their minor child

with physical custody transferred to respondent upon petitioner's relocation out of State.

Petitioner sought modification of a judgment of divorce which had awarded her sole custody of the parties' minor child, James (born Sept. 24, 1974), and provided respondent with visitation rights upon notice. Both parties have remarried and petitioner's spouse was offered and tentatively accepted a promotion requiring transfer to Tennessee. Petitioner applied for modification, contending that the promotion offer created a change in circumstances compelling petitioner to relocate and allowing her to retain custody of James, with extended visitation for respondent during summer and school vacations. Respondent answered, seeking denial of the petition or, in the alternative, custody of James in the event that petitioner should leave the jurisdiction. A trial was subsequently held after which Family Court, finding that the job promotion did not rise to the requisite level of exceptional circumstances, denied the petition.

Petitioner then filed a petition for modification of the prior order, arguing this time that a subsequent change in circumstances had taken place in that her spouse had moved to Tennessee prompting James' continual misbehavior and poor performance in school. Petitioner also indicated that she herself was soon to join her spouse out of State. Respondent cross-petitioned for custody of James. A hearing was held upon which Family Court issued a temporary order awarding joint legal custody to the parties, with respondent gaining legal custody of James once petitioner left for Tennessee. The court also ordered an additional evaluation of James, after which another hearing was held to review that report and hear testimony from the court-appointed mental health examiner. Family Court subsequently made permanent its order of joint custody with physical custody to respondent. Petitioner, having gained a stay of that order, filed these appeals.

Petitioner claims that Family Court abused its discretion in finding that the job promotion offered to her spouse did not rise to the level of an exceptional change in circumstances such that she be allowed to retain custody of James in Tennessee and consequentially limit the visitation rights of respondent. We disagree. In cases regarding a modification of custody, although the primary concern is the best interests of the child (see, Eschbach v Eschbach, 56 NY2d 167), relocation by the custodial spouse to a distant domicile requires a special balancing of what appellate courts have recognized as the importance of visitation with the noncustodial parent (see,

*Weiss v Weiss,* 52 NY2d 170, 174-175; *Daghir v Daghir,* 82 AD2d 191, *affd* 56 NY2d 938) and "the quality of the home environment to which the child is accustomed" *(Matter of Doyle v McLoughlin,* 146 AD2d 940, 941; *see, Eschbach v Eschbach, supra,* at 172). The general rule is that such relocations are not permitted, absent exceptional circumstances, as they would effectively remove the noncustodial parent from regularly interacting with the child *(see, Matter of Towne v Towne,* 154 AD2d 766 [decided herewith]; *Matter of Grover v Grover,* 144 AD2d 852; *Matter of Garcia v Doan,* 132 AD2d 756, 757, *appeal dismissed* 70 NY2d 796). Here, Family Court properly found that a better job opportunity offered to petitioner's spouse did not rise to the level of exceptional circumstances, especially in view of the court's finding, fully supported by the record, that accepting the promotion "was not necessary [for petitioner's spouse] to retain his current, very adequate employment" *(compare, Matter of Grover v Grover, supra,* at 853; *Matter of Bonfiglio v Bonfiglio,* 134 AD2d 426, 427-428; *Morgano v Morgano,* 119 AD2d 734, 736-737 [economic betterment insufficient to allow relocation], *with Matter of Pecorello v Snodgrass,* 142 AD2d 920, *appeal dismissed* 72 NY2d 1039; *Matter of Porter v Fryer,* 142 AD2d 770; *Cmaylo v Cmaylo,* 76 AD2d 898, *appeal dismissed* 51 NY2d 770 [relocation permitted due to essentially *involuntary* change in employment status]).

Also without merit is petitioner's contention that Family Court abused its discretion in failing to conform its finding to the mental health examiner's recommendations or the expressed wishes of James. Each custody case must be decided on its own particular facts and with due consideration given to each and every relevant factor *(see, Matter of Doyle v McLoughlin, supra; Matter of Grover v Grover, supra; Matter of Ferguson v Ressico,* 125 AD2d 915). Neither the child's desires nor expert testimony is to be considered determinative *(see, Eschbach v Eschbach, supra,* at 173; *cf., Ira K. v Frances K.,* 115 AD2d 699). More importantly, given the extreme difficulty of evaluating the conflicting testimony attendant to custody proceedings, we properly bestow our greatest respect and deference on the finding of the trial court *(see, Matter of Doyle v McLoughlin, supra; Matter of Ferguson v Ressico, supra).* Here, Family Court was faced with ongoing visitation that petitioner herself admitted was part of a loving relationship that James had with respondent *(see, Weiss v Weiss,* 52 NY2d 170, 175, *supra).* The move of petitioner's spouse to Tennessee and the alleged increase in James' behavioral

problems does not require a different result, as Family Court properly determined. In our view, faced only with the desire of petitioner's spouse to avail himself of a job promotion, Family Court's assessment that petitioner failed to demonstrate exceptional circumstances justifying the relocation of James is well supported by the record.

We do find, however, that given the acrimonious and antagonistic relationship between the parties, clearly indicated in the record, joint custody is inappropriate *(see, Braiman v Braiman,* 44 NY2d 584, 590; *O'Connor v O'Connor,* 146 AD2d 909, 911). In view of these circumstances, respondent should be awarded full legal custody.

Order entered February 28, 1989 affirmed.

Order entered June 6, 1989 modified, on the law and the facts, without costs, by reversing so much thereof as awarded the parties joint custody; respondent is awarded full legal custody of the parties' minor child; and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Weiss and Harvey, JJ., concur.