■ NATALIE A. JACOBY, Respondent, v WILLIAM G. CARTER, Appellant.—Levine, J. Appeal from an order of the Supreme Court (McDermott, J.), entered May 24, 1989 in Albany County, which, inter alia, denied defendant's motion for temporary custody of the parties' child.

Plaintiff and defendant were married in July 1987 and had one child, a girl who was born on November 15, 1987. In April 1989, plaintiff left the marital residence with the parties' daughter and moved to Pennsylvania. Shortly thereafter, plaintiff commenced an action for divorce in Supreme Court, Albany County. Defendant then made an application for a writ of habeas corpus pursuant to Domestic Relations Law § 70, seeking the return of the child to this State. Addition-

ally, defendant sought, *inter alia,* an order awarding him temporary custody and enjoining plaintiff from removing the child from the area where he lived. Following a hearing, Supreme Court denied defendant's application in its entirety and, *inter alia,* awarded temporary custody to plaintiff, granting defendant the right of supervised visitation every weekend in Pennsylvania. Defendant now appeals.

After reviewing the hearing testimony, we are constrained to sustain Supreme Court's determination that temporary custody of the child should remain with plaintiff in Pennsylvania. The primary consideration in any custody matter is the best interest of the child, which must be determined by the facts of each case *(see,* Domestic Relations Law § 70; *Eschbach v Eschbach,* 56 NY2d 167, 171; *Matter of Towne v Towne,* 154 AD2d 766, 767; *Matter of Garcia v Doan,* 132 AD2d 756, 757, *lv dismissed* 70 NY2d 796). While relocation by the custodial parent to a distant locale is generally disfavored as not being in furtherance of the child's best interest, such relocation may be permitted upon a showing of exceptional circumstances *(see, Matter of Towne v Towne, supra; Matter of Ellor v Ellor,* 145 AD2d 773, 774; *Schwartz v Schwartz,* 91 AD2d 628, 629). In this case, the parties' testimony established that defendant had a problem with drug and alcohol abuse prior to the parties' marriage, and that his alcohol and marihuana use continued after the marriage and after the child's birth. Plaintiff testified that, from July 1988 until April 1989, she was physically and emotionally abused by defendant and that she was required to seek psychological counseling. Further, plaintiff stated that during the three-month period prior to her relocation, defendant spent most of his free time away from home, often without informing plaintiff where he could be reached. Plaintiff also indicated that she chose to move to Pennsylvania because she has family there from whom she receives emotional support and because there are many employment opportunities for her there. Finally, plaintiff testified that she left the marital home without telling defendant because he had threatened to hurt her if she left.

In our view, the facts in this case establish exceptional circumstances warranting plaintiff's relocation to Pennsylvania with the child. Although we do not condone the manner in which plaintiff initially concealed her whereabouts after leaving the marital home, it is clear that during the several months preceding her relocation, defendant was less than an exemplary parent *(see, Matter of Towne v Towne, supra,* at 767). Thus, we cannot conclude that the child's interests are

not best served by allowing her to remain with plaintiff at this time. Accordingly, Supreme Court's order should not be disturbed.

Order affirmed, with costs. Mahoney, P. J., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.