■ In the Matter of Robert M. Furman, Jr., Respondent, v Pamela J. Furman, Appellant.—Mahoney, P. J. Appeals (1) from an order of the Family Court of Montgomery County (Catena, J.), entered September 25, 1989, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of the parties' child, and (2) from an order of said court, entered September 27, 1989, which terminated petitioner's support obligations.

The parties were married in 1973 and a son was born in 1978. The parties were divorced in 1988 and, pursuant to a separation agreement incorporated but not merged into the divorce judgment, received joint custody of their son with physical custody to respondent and visitation to petitioner, who also was responsible for child support. Thereafter, petitioner commenced this proceeding for custody because respondent expressed her intention to move to Arizona with their son. Respondent cross-petitioned for permission to move to Arizona with their son, asserting that she was engaged to marry an Arizona resident and had secured new employment in Arizona with an increase in salary of about $6,000. At a hearing, respondent failed to appear, apparently because she was in Arizona, and petitioner offered proof concerning his plans for care of the child if he received custody and showing that the child's behavior and school work improved when he

was with petitioner. Family Court concluded that there were no exceptional circumstances established to justify allowing respondent to move to Arizona with the child and disrupt petitioner's visitation. Accordingly, Family Court found it to be in the child's best interest that custody be transferred to petitioner. Family Court also terminated petitioner's child support obligations. From the orders entered thereon, respondent appeals.

It is well settled that custody determinations must be based on the best interest of the child (see, Eschbach v Eschbach, 56 NY2d 167, 171), which turns on the facts of each case (see, Reyes v Ball, 162 AD2d 770). Absent exceptional circumstances, a move to a distant location by the custodial parent is disfavored because the noncustodial parent is deprived of visitation opportunities with the child (see, Weiss v Weiss, 52 NY2d 170, 175). In these sensitive cases, we usually accord great deference to the trial court's findings (see, Reyes v Ball, supra).

Application of these principles in this case convinces us that affirmance is warranted. Respondent argues that the record is devoid of evidence to support a change of custody. Respondent simply ignores her intended relocation to Arizona and its effects on the custodial relationships established by the parties as part of the divorce. By failing to appear and present proof, respondent simply failed to establish any exceptional circumstances to justify removing the parties' child to a distant location (see, Reyes v Ball, supra; Matter of Pasco v Nolen, 154 AD2d 774, 775-776; Matter of Towne v Towne, 154 AD2d 766, 767). Petitioner, on the other hand, presented evidence concerning his ability to care for the child and improvements in the child's behavior and education while staying with him. In light of the absence of any proof of exceptional circumstances and the evidence establishing petitioner's ability to care for the child, we find no basis to disturb Family Court's transfer of custody (see, Matter of Ellor v Ellor, 145 AD2d 773). That respondent apparently now has forgone her Arizona plans and is living locally does not undermine this determination (see, Matter of Grover v Grover, 144 AD2d 852, 853).

In reaching this result, we see no abuse of Family Court's discretion in failing to grant the request of respondent's attorney for adjournment of the hearing to permit the child's doctor to testify concerning the effect of petitioner changing the dosage of some medication prescribed for the child. Petitioner testified that the physician had indicated that the dosage could be varied to some extent. On the basis of this

testimony, we believe that Family Court properly exercised its discretion in denying an adjournment to secure the testimony of the doctor. We note that had respondent appeared and participated, any need for an adjournment might have been obviated. Under such circumstances, it is difficult to be sympathetic to respondent's contention.

Orders affirmed, with costs. Mahoney, P. J., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.