◼ In the Matter of JULIANNE M. FARMER, Also Known as JULIANNE M. DERVAY, Respondent-Appellant, v ROBERT P. DERVAY, Appellant-Respondent.—Mahoney, P. J. Cross appeals from an order of the Family Court of Broome County (Thomas, J.), entered September 5, 1990, which, inter alia, partially granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for full physical custody of the parties' child.

The parties were married on June 17, 1978 and divorced on April 24, 1984. Pursuant to a separation agreement incorporated but not merged into their divorce decree, joint custody of the parties' minor child Katelyn, born in July 1980, was awarded with principal physical custody given to petitioner. The agreement rendered petitioner's physical custody of Katelyn contingent on maintaining her residence within a radius of 50 miles from what was then Katelyn's residence in Broome County, unless respondent or Family Court consented otherwise. Petitioner subsequently sought respondent's permission to relocate to Missouri with Katelyn. Respondent refused and petitioner applied to Family Court for relief allowing Katelyn's relocation. Family Court denied the request and we

affirmed, noting that petitioner "ha[d] not established the 'exceptional circumstances' which would justify removal of the child to Missouri" *(Matter of Dervay v Dervay,* 111 AD2d 462, 464). Petitioner nonetheless moved to Missouri and Katelyn began residing with respondent.

Petitioner returned to Broome County in 1985, filing a petition to regain physical custody of Katelyn. During the course of the custody hearing, however, it was disclosed that petitioner intended to move back to Missouri with Katelyn. Accordingly, Family Court denied petitioner's request and awarded the parties joint legal custody with primary physical custody to respondent. Although Katelyn had resided with petitioner during the pendency of the proceeding, she returned to live with respondent and petitioner returned to Missouri.

In February 1990, petitioner sought modification of the latter Family Court order on the ground that, because Katelyn was maturing into a young adolescent female, there had been a change in circumstances warranting modification of the physical custody arrangement. Respondent opposed the petition, a hearing was held and Family Court granted petitioner's application, finding that at this point in Katelyn's life, "it is in her best interest to have the feminine companionship and guidance of her mother". Petitioner was awarded primary physical custody of Katelyn with custody to respondent during holidays and summer vacation. Respondent appeals.*

We reverse. No one disputes that the primary consideration in *any* custody matter is the best interest of the child *(see,* Domestic Relations Law § 70; *Eschbach v Eschbach,* 56 NY2d 167, 171). Because, however, of the disfavored results attendant to the geographic relocation of a custodial parent *(see, Matter of Pasco v Nolen,* 154 AD2d 774, 776; *Matter of Towne v Towne,* 154 AD2d 766, 767), courts disapprove of such relocation "as not being in furtherance of the child's best interest" *(Jacoby v Carter,* 167 AD2d 786, 787). Physical custody to a relocated parent is permitted upon a showing of exceptional circumstances *(supra; see, Matter of Furman v Furman,* 168 AD2d 702). In our view, the record before us does not present the requisite exceptional circumstances to justify an award of physical custody of Katelyn to petitioner. Al-

---

*Petitioner's cross appeal from an evidentiary ruling made by Family Court during the hearing is not addressed as petitioner does not pursue it in her brief *(see, Van Wie v Van Wie,* 124 AD2d 353, 356; *Davis v Sapa,* 107 AD2d 1005, n).

though Katelyn might benefit from petitioner's maternal guidance as she approaches her adolescence, this alone does not rise to the level of exceptional circumstances that would warrant not only a change in custody but an out-of-State relocation as well. We further note that nothing in the record indicates that respondent is supplying anything other than a quality home environment to which the child is accustomed *(cf., Jacoby v Carter, supra; Reyes v Ball,* 162 AD2d 770, *appeal dismissed* 77 NY2d 872).

Casey, Weiss, Yesawich Jr. and Harvey, JJ., concur. Ordered that the order is reversed, on the law, without costs, and petition dismissed.