■ Samantha Hathaway, Appellant, v Gene B. Hathaway, Respondent.—Mahoney, P. J. Appeals from two orders of the Supreme Court (Ryan Jr., J.), entered January 16, 1990 and May 16, 1990 in Clinton County, which, *inter alia,* awarded defendant custody of the parties' three children.

The parties were married in July 1976 and have three daughters, Tracy, born July 9, 1978, Mandy, born November 6, 1979, and Jamie, born September 9, 1982. The parties separated in March 1986 and plaintiff commenced an action for divorce in July 1987. A motion for pendente lite relief by plaintiff resulted in a court order providing for joint custody with physical custody to plaintiff and weekend visitation to defendant. Defendant was also ordered to pay $85 weekly in temporary support and maintenance. Plaintiff and the chil-

dren continued, as they had since the separation, to reside in the marital residence, a dilapidated mobile home purchased by the parties in 1981. Defendant resided nearby and, between March 1986 and March 1988, paid child support and maintenance either voluntarily or pursuant to various court orders, including the order providing for temporary relief.

In March 1988, plaintiff sold the mobile home and moved with the children to Virginia for a brief period of time and then to Hawaii. Defendant neither consented to these moves nor was informed of the children's whereabouts in Hawaii until September 1988. Although unclear from the record, a default judgment of divorce was apparently granted and plaintiff returned to New York for a nonjury trial on issues of custody, support and maintenance. In December 1989, Supreme Court ordered that plaintiff relocate to Clinton County within 60 days or physical and legal custody would be awarded to defendant. Plaintiff failed to relocate to this State and defendant obtained a subsequent order awarding him custody and directing that the children be returned immediately. Plaintiff appeals from both orders and has obtained from this court a stay of the latter order pending appeal.

The incontestable rule in all custody disputes is that resolutions thereof are to be based on the oft-quoted standard of " 'the best interest of the child' " (Domestic Relations Law § 70 [a]; see, Eschbach v Eschbach, 56 NY2d 167, 171). However, in cases where the custodial parent seeks a geographic relocation that substantially affects the noncustodial parent's visitation, a presumption arises that because of "disfavored results" (Matter of Farmer v Dervay, 174 AD2d 857, 858; see, Matter of Pasco v Nolen, 154 AD2d 774, 776), such relocation is not in the child's best interest (see, Matter of Farmer v Dervay, supra; Jacoby v Carter, 167 AD2d 786). The presumption is rebutted upon a showing of exceptional circumstances by the relocating parent (see, Reyes v Ball, 162 AD2d 770, 771, appeal dismissed 77 NY2d 872; Matter of Pasco v Nolen, supra). Paralleling these considerations is the equally well-settled principle that, given the unique position of the Trial Judge in assessing the evidence, great deference is afforded the findings made and determinations rendered by Supreme Court (see, Matter of Furman v Furman, 168 AD2d 702).

Here, plaintiff testified that she moved to Hawaii essentially for better employment opportunities and because her family was relocating there. Plaintiff also stated that the mobile home in which she and the children were living was unsuitable and that she was dependent upon her family for financial

support. Plaintiff also forwarded the argument that the children, who are of half Chinese parentage, would benefit from enrollment in a Hawaiian school system where they could interact with children from similar cultural backgrounds. Plaintiff's living costs, however, are far greater in Hawaii than those previously encountered and, as defendant argues, other children of similar cultural backgrounds attend the children's previous schools. We also note that the record indicates that plaintiff moved to Hawaii at least two months before the rest of her family with the only person she apparently knew there being her boyfriend. Given the record before us, we agree with Supreme Court's finding that plaintiff failed to show the requisite exceptional circumstances *(see, Matter of Pasco v Nolen, supra).*

We must, however, take issue with Supreme Court's order awarding defendant sole legal and physical custody of the children. Given that the trial and resulting decision focused exclusively on the relocation, there is an insufficient basis on which to find that an award of sole legal and physical custody to defendant would be in the children's best interests *(see, Verity v Verity,* 107 AD2d 1082, 1084, *affd* 65 NY2d 1002; *see also, Matter of Amy W.,* 122 AD2d 592). Accordingly, the matter should be remitted to Supreme Court for findings and determinations not inconsistent herewith.

Yesawich Jr., Levine, Mercure and Crew III, JJ., concur. Ordered that the order entered January 16, 1990 is modified, on the law, without costs, by reversing so much thereof as ordered sole legal and physical custody of the parties' children to defendant upon plaintiff's refusal to return to Clinton County, and, as so modified, affirmed.

Ordered that the order entered May 16, 1990 is modified, on the law, without costs, by reversing so much thereof as ordered sole legal and physical custody of the parties' children to defendant; matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision; and, as so modified, affirmed.