■ In the Matter of SONNE J. LAVELLE, Respondent, v TARA R. FREEMAN, Appellant. (And Another Related Proceeding.)— Mahoney, J. Appeal from an order of the Family Court of Broome County (Smith, J.), entered August 15, 1991, which, *inter alia,* granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for joint custody of the parties' child.

At issue in this proceeding is whether respondent should be permitted to relocate out of State with the parties' minor daughter, Brandy, thus effectively depriving petitioner of the regular visitation he currently enjoys with her. The facts reveal that the parties were married in Georgia in 1985. Following a brief period of cohabitation, during which time Brandy was born, they separated. During the separation period, petitioner made a point of visiting regularly with Brandy and upon divorce, at which time respondent was awarded sole custody of Brandy, a regular visitation schedule was adopted. Matters proceeded in this manner until 1990 when respondent remarried and moved to Broome County with her new husband, taking Brandy with her. Upon being advised by Georgia counsel that there was nothing he could do to block respondent from taking Brandy out of Georgia, petitioner relocated to Broome County to be near his daughter. Regular visitation continued.

Thereafter, respondent informed petitioner that her husband, who is employed as director of benefits, risk management and salary administration for Endicott-Johnson Corporation, was offered a position as director of human resources for an Endicott-Johnson subsidiary located in Missouri and that she would be relocating there, taking Brandy with her. Seeking to maintain continuous contact with his daughter, petitioner commenced the instant proceeding seeking, *inter alia,* an order restraining the relocation and an award of joint or sole custody. Respondent cross-petitioned for permission to relocate to Missouri with Brandy. Following a hearing, Family Court enjoined respondent from removing Brandy to Missouri and granted the parties joint legal custody, with physical custody to be transferred to petitioner in the event respondent relocates to Missouri. Respondent appeals.

We affirm. The primary consideration in any custody matter is the best interest of the child *(see,* Domestic Relations Law § 70; *Eschbach v Eschbach,* 56 NY2d 167, 171; *Matter of*

*Farmer v Dervay,* 174 AD2d 857, 858, *lv dismissed* 78 NY2d 1041). When, however, "the custodial parent seeks a geographic relocation that substantially affects the noncustodial parent's visitation, a presumption arises that because of 'disfavored results' * * * such relocation is not in the child's best interest" *(Hathaway v Hathaway,* 175 AD2d 336, 337, quoting *Matter of Farmer v Dervay, supra* [citations omitted]). This presumption may be rebutted "upon a showing of exceptional circumstances by the relocating parent" *(Hathaway v Hathaway, supra,* at 337; *see, Poretsky v Poretsky,* 176 AD2d 713; *Kuzmicki v Kuzmicki,* 171 AD2d 843, 844; *Coniglio v Coniglio,* 170 AD2d 477, 478; *Matter of Furman v Furman,* 168 AD2d 702, 703; *Jacoby v Carter,* 167 AD2d 786, 787; *Matter of Pasco v Nolen,* 154 AD2d 774, 776; *Matter of Towne v Towne,* 154 AD2d 766, 767). Generally, in situations such as the one herein involving employment-related relocations, the focus is on the nature of the transfer, i.e., whether it simply affords the opportunity for economic betterment or whether it is economically necessary *(see, e.g., Matter of Pasco v Nolen, supra; Matter of Grover v Grover,* 144 AD2d 852; *Morgano v Morgano,* 119 AD2d 734, 736-737; *Cmaylo v Cmaylo,* 76 AD2d 898, *appeal dismissed* 51 NY2d 770). In this regard, we have recognized that promotional opportunities which afford only economic betterment do not rise to the level of extraordinary circumstances if nonacceptance will not jeopardize the employee's current position and the current position is adequate to meet the employee's financial needs *(Matter of Pasco v Nolen, supra).*

Here, the record fully supports Family Court's conclusion that the proposed transfer of respondent's husband is purely voluntary and involves only economic betterment. According to Endicott-Johnson officials, there will be no negative career impact if the transfer offer is rejected by respondent's husband and the company admittedly needs someone with his risk management abilities. While there is an approximate 8% salary increase associated with the new position, inasmuch as the current position provides for a more than adequate lifestyle, the salary increase, standing alone, cannot be said to transform this offer into one that is economically necessary.

With regard to respondent's argument that Family Court erred in awarding joint legal custody, the record fails to support respondent's claim that the parties have a bitter and acrimonious relationship; they have worked out their own visitation schedule in the past and respondent expressed a continued willingness to do so in the event she is allowed to

relocate with Brandy *(see, Braiman v Braiman,* 44 NY2d 584, 589). As for respondent's claim that it is not in Brandy's best interest for petitioner to assume physical custody in the event of relocation, it must be noted that unlike the hearing held in *Hathaway v Hathaway (supra),* which addressed only the relocation issue, the hearing here explored all aspects of petitioner's life, including his work schedule, living accommodations and religious beliefs. Notwithstanding the suggestion by respondent that certain of petitioner's actions relative to the child were inappropriate, Family Court concluded that these allegations were unsupported by the credible evidence and that petitioner is a loving and concerned parent, findings which we see no reason to disturb. Likewise, we see no conclusive evidence in the record to establish that Brandy is being harmed by petitioner exposing her to the teachings of his religion *(cf., Matter of Bentley v Bentley,* 86 AD2d 926, 927).

Mikoll, J. P., Mercure, and Crew III, JJ., concur. Ordered that the order is affirmed, without costs.