In the Matter of HOWARD W. ATKIN, Appellant, v SUSAN A. MCDANIEL, Respondent.

Third Department, July 9, 1992

## APPEARANCES OF COUNSEL

*Lauren C. Scanlon* for appellant.

*Kehoe, Merzig & Schebaum, P. C. (Kelley M. Eckmair* of counsel), for respondent.

*Bruce J. McKeegan, Law Guardian.*

## OPINION OF THE COURT

CASEY, J.

The parties separated in July 1988 and in August 1989 they executed a separation agreement, which provided for joint custody of the parties' three children. Physical custody of the children was fixed with petitioner during the school year and with respondent during the summer months. The parties were divorced in October 1990 and shortly thereafter petitioner sought a Family Court order confirming the custody and visitation arrangements set forth in the separation agreement. Respondent cross-petitioned to have the children's principal residence with her. After a hearing, Family Court awarded physical custody of the parties' oldest child to petitioner and physical custody of the two younger children to respondent. Petitioner appeals and the Law Guardian has filed a brief in support of petitioner's appeal.

We are of the view that Family Court's analysis of the children's best interests was flawed because of its failure to take into account that after the parties agreed to the children's primary residence with petitioner at the former marital home in Delaware County, respondent relocated to North Carolina with her boyfriend, where she subsequently obtained employment. In cases where the custodial parent seeks a geographic relocation that substantially affects the noncustodial parent's visitation, exceptional circumstances must be shown by the relocating parent *(Hathaway v Hathaway,* 175 AD2d 336, 337). We see no reason not to require a similar showing where, as here, the noncustodial parent has relocated to a distant location and thereafter seeks custody of the children *(see, Matter of Farmer v Dervay,* 174 AD2d 857, *lv dismissed* 78 NY2d 1041). The record reveals that respondent and her boyfriend decided to move to North Carolina to obtain better employment despite the existence of employment opportunities in New York where they had been residing. Relocation for such a reason is insufficient to satisfy the exceptional circumstances requirement *(see, Hathaway v Hathaway, supra; Matter of Grover v Grover,* 144 AD2d 852).

Respondent's relocation is also relevant to the issue of stability in the children's lives, which the courts have recognized as an important factor in determining the best interests of the children (see, e.g., Friederwitzer v Friederwitzer, 55 NY2d 89, 94; Matter of Ramos v Dolan, 155 AD2d 787, 790). The marital home has been the children's primary residence since 1984. They have friends and other family members in the area, and they have attended the local school. Relocation of the two younger children to respondent's new home in North Carolina, where there are no other family members, would not only disrupt the established custody arrangement and separate the children, it would also require the two younger children to leave the familiar surroundings of Delaware County and establish new friends and attend a new school in North Carolina. Family Court should have considered the disruptive effect that such a move would have on the two younger children (see, Kuzmicki v Kuzmicki, 171 AD2d 843, 844-845).

Respondent's decision to move to North Carolina was a voluntary one motivated by purely personal reasons. It reflects, in our view, respondent's willingness to place her own interests above those of her children, and conflicts with Family Court's finding that respondent "seems much more in tune with the needs of her children". Family Court also found that respondent had more time to provide parental care, guidance and direction to the younger children than petitioner, whose work consumed much of his time. Respondent, however, works 40 hours per week and at the time of the hearing, she was pregnant, having remarried after her move to North Carolina. She intends to return to work after the baby is born. With a full-time job and a newborn infant to care for, respondent's busy schedule is unlikely to afford the extra time envisioned by Family Court.

Based upon our review of the record, we conclude that the children's best interests will not be served by the custody arrangement ordered by Family Court. Both parents are fit and both home environments are adequate for the children. Petitioner's girlfriend moved into the home with her two children in September 1990, but there is adequate room and after an initial adjustment period the children have settled down as a "family", according to the testimony in the record. Respondent expressed concern about her oldest daughter's school grades, but there is evidence that her academic performance has improved, and there is no evidence of academic

problems for the two younger children. The record does not support the conclusion that the potential benefits, if any, of the custody change will outweigh the disruptive impacts of the change in the established arrangement, the separation of the siblings and the relocation of two of the children to North Carolina, where their only relative is their mother and they would have to attend a new school and establish new friends.

WEISS, P. J., LEVINE, MAHONEY and HARVEY, JJ., concur.

Ordered that the order is reversed, on the law and the facts, without costs, petition granted, cross petition denied and the terms of the parties' separation agreement pertaining to custody and visitation are confirmed.