■ HELENA MURPHY, Appellant, v ANDREW MURPHY, Respondent. [600 NYS2d 373] —Levine, J. Appeal from a judgment of the Supreme Court (Torraca, J.), entered October 22, 1992 in Ulster County, which, *inter alia,* denied plaintiff's application to relocate with the parties' children.

Plaintiff and defendant were married in January 1982 and there are two children of the marriage, Andrew Jr., born in 1983, and Tara, born in 1985. Plaintiff is a citizen of the Netherlands. She came to the United States in 1975 as an exchange student and lived with the Millers, a family who lived in a suburb of the City of Rochester, Monroe County. A close friendship developed between plaintiff and the Miller household members, particularly with the Millers' daughter, Lynn, and plaintiff visited the Millers several times after she concluded her exchange program. Lynn Miller married defendant's brother, and through them plaintiff met defendant. After their marriage, plaintiff and defendant took up residence in the Village of Saugerties, Ulster County, and defendant continued in his employment at the automobile dealership owned by his father. The parties experienced marital difficulties when the marriage between defendant's brother and Lynn broke up and also because of defendant's use of cocaine (which the parties agreed ceased by 1990).

This divorce action was commenced in 1991. A trial was held pertaining only to the issues of custody and plaintiff's proposed relocation with the children to the Rochester area. The reason for plaintiff's desire to move was her feeling of isolation due to estrangement from defendant's family and her felt need for contact with and the emotional support of the Miller family, whom she described as being as close to her as any blood relative. At the conclusion of the trial Supreme

Court awarded plaintiff custody of the children, but denied her permission to relocate and directed that she and the children remain in Ulster County. This appeal by plaintiff ensued.

We affirm. Supreme Court credited the testimony of defendant that he had an unalterable work schedule at the automobile dealership of six days a week including Friday evenings to 9:00 P.M. and Saturdays to 5:00 P.M. The court further found that defendant had significantly participated in the children's schooling and in their extracurricular activities. Thus, Supreme Court concluded that, even with plaintiff's offer to share the transportation burden for visitation by meeting defendant halfway between Saugerties and Rochester, the relocation of the children to the Rochester area would deprive defendant of meaningful, frequent and regular contact with the children and any substantive participation in their education and extracurricular activities. The findings of the trial court, based upon an evaluation of the testimony, character and sincerity displayed in court by the parties to this custody dispute, are entitled to the greatest respect *(see, Eschbach v Eschbach,* 56 NY2d 167, 173; *Finn v Finn,* 176 AD2d 1132, 1132-1133).

In light of the foregoing finding that relocation would not allow meaningful, frequent contact between the children and defendant, plaintiff had the burden of demonstrating compelling or exceptional circumstances that required her to relocate and that the move would be in the children's best interest *(see, Matter of Atkin v McDaniel,* 181 AD2d 188, 189-190; *see also, Hathaway v Hathaway,* 175 AD2d 336, 337). The evidence does not support any conclusion that plaintiff's need for contact with and emotional support from her close friends in the Rochester area rises to the level of a compelling circumstance *(see, Weiss v Weiss,* 52 NY2d 170, 176-177; *Holsberg v Shankman,* 171 AD2d 1067). Indeed, under the visitation order in effect while this action was pending, plaintiff was able to accomplish frequent trips to visit her Rochester "family" and this contact was characterized by the psychotherapist who had counseled both plaintiff and defendant as "more than adequate [emotional] support".

Supreme Court's finding that plaintiff's relocation would not be in the children's best interest is also supported in the record, notably by the testimony of the parties' psychotherapist and the recommendation of the children's Law Guardian. For all the foregoing reasons, Supreme Court's denial of plaintiff's request for permission to relocate should be affirmed.

Plaintiff's reliance on this Court's decision permitting her friend Lynn to relocate to Rochester following her divorce from defendant's brother *(see, Murphy v Murphy,* 145 AD2d 857) is unavailing to require a different result. In that case, there was evidence in the record that the father's work schedule was sufficiently flexible to be able to effectuate frequent visitation with his son, thereby supporting the trial court's finding that relocation did not prevent meaningful contact *(see, supra,* at 858). Here, as we have already noted, Supreme Court found that the inflexibility of defendant's work schedule would prevent frequent contact if plaintiff and the children relocated.

We also find no reason to disturb the remaining provisions of the judgment objected to by plaintiff. Inasmuch as no notice of appeal was filed regarding Supreme Court's denial of plaintiff's posttrial motion for consideration of new evidence, we have not considered the merits of the court's disposition of that application.

Weiss, P. J., Yesawich Jr., Mercure and Mahoney, JJ., concur. Ordered that the judgment is affirmed, without costs.