■ In the Matter of RICHARD D. CLARK, Appellant, v SHARON DUNN, Respondent. [600 NYS2d 376] —Mikoll, J. P. Appeal from an order of the Family Court of Delaware County (Estes, J.), entered August 14, 1992, which, *inter alia,* dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of the parties' children.

Petitioner and respondent were married in August 1978 and divorced by judgment entered April 19, 1984. Two children were born of their marriage, Nehemiah, on February 7, 1979, and Jeremiah, on June 21, 1981. Respondent obtained custody of Nehemiah by an order of Family Court dated March 17, 1981 that allowed unspecified reasonable visitation to petitioner. The March 17, 1981 order was modified by an order dated March 21, 1983 granting respondent custody of both Nehemiah and Jeremiah with specified visitation rights to petitioner. The latter order also provided that neither party

could remove the children from the State for more than a seven-day period without prior permission of Family Court. The 1984 divorce decree granted full custody of the children to respondent and referred any future custody questions to Family Court.

This proceeding was commenced in January 1992 by petitioner seeking to obtain custody of the children because of an alleged change in circumstances in that, since the March 1983 custody award, respondent had moved to Alaska, that Nehemiah had been living with petitioner since March 1990 and Jeremiah since March 1991, and that they were thriving under his care. Petitioner also argues that he should be awarded custody based upon respondent's relocation to Alaska. Respondent served an answer with a cross petition seeking an order dismissing petitioner's petition and deleting the provision prohibiting her from relocating with the children outside New York. In June 1992 the Delaware County Probation Department performed a custody investigation, interviewing only petitioner. An Alaska social worker retained by respondent compiled a home study report and expressed the opinion that the children should reside with respondent.

Following a hearing on the petitions in Family Court held in July 1992 at which time testimony of the parties and other witnesses was taken, the Law Guardian recommended in his written report that petitioner and respondent be awarded joint custody of the children, that petitioner have the children during the school year and that respondent have them during the children's summer vacations. Family Court issued a temporary order permitting respondent to remove the children to Alaska until August 31, 1992. By order entered August 14, 1992 Family Court, *inter alia,* dismissed petitioner's petition, granted respondent's cross petition and gave sole legal custody to respondent with visitation to petitioner in New York during most of the children's summer recess plus seven days during their Christmas recess, at respondent's expense. The court also provided that petitioner could have additional visitation with the children in Alaska outside of respondent's residence upon notice to respondent and at petitioner's own expense. This appeal by petitioner ensued.

There should be a reversal. We find that Family Court's order granting physical custody of the children to respondent in Alaska was not in the best interest of the children and was an abuse of the court's discretion. The parties should be granted joint legal custody with primary physical custody to petitioner. If the parties are unable to agree upon visitation,

application may be made to Family Court for an appropriate order.

Petitioner's argument that respondent did not establish the existence of exceptional circumstances justifying the removal of the children to Alaska and that such move and change in custody was not in the best interest of the children has merit. A presumption arises that such out-of-State relocation is not in the best interest of the children *(Hathaway v Hathaway,* 175 AD2d 336, 337) and where, as here, the move would deprive the noncustodial parent of regular and meaningful visitation, compelling or exceptional circumstances must be shown by the relocating parent *(see, e.g., Matter of Atkin v McDaniel,* 181 AD2d 188, 189; *Matter of Lavelle v Freeman,* 181 AD2d 976, 977). Only after determining that exceptional circumstances exist must the best interest of the children also be shown *(see, Matter of Hollington v Cocchiola,* 180 AD2d 635, 636).

In the matter at bar no extraordinary or compelling circumstances were demonstrated justifying respondent's relocation with the children to Alaska. Respondent's husband testified that he lost his employment and could not find another job in his community; however, his efforts to find new employment were indeed meager, consisting of a few weeks' duration, applications "here and there to companies" and did not even include the surrounding geographic areas. Nor does it appear that respondent did any more to find employment after her own and her husband's lay-offs from work *(see, Matter of Ferguson v Ressico,* 125 AD2d 915, 915-916; *see also, Matter of Hollington v Cocchiola, supra,* at 636). Further, the children's extended family resides in this State *(see, Kuzmicki v Kuzmicki,* 171 AD2d 843, 844). Thus, it is difficult to conclude that the best interest of the children would be served by removing them from the stable home environment provided by petitioner. In view of their stable and improving school environment and their frequent contact and visits with their grandparents, providing them with extended family support not present in Alaska *(see, e.g., Matter of Muzzi v Muzzi,* 189 AD2d 1022, 1024; *Matter of Rozelle v Rozelle,* 184 AD2d 973, 975, *appeal dismissed* 81 NY2d 784; *see also, Matter of Dinino v Deima,* 173 AD2d 1017, 1018), petitioner's petition should not have been dismissed.

The parties have proven to be relatively stable, amicable and civil and, thus, joint custody is appropriate, with primary physical custody to petitioner as recommended by the Law Guardian *(see, e.g., Braiman v Braiman,* 44 NY2d 584, 589-

590; *see also, Matter of Monahan v Monahan,* 178 AD2d 829, 830). While the children did declare their desire and willingness to go to Alaska to live, their wishes are not decisive *(see, Matter of Whitney v Whitney,* 162 AD2d 810, 811; *Matter of Pasco v Nolen,* 154 AD2d 774, 776) and, because of their tender years, it cannot be said that they fully realize the impact of such a move.

The evidence presented at the custody hearing was conflicting and, although Family Court's findings are to be given deference generally *(see, Matter of Williams v Williams,* 188 AD2d 906, 907; *Matter of Hall v Keats,* 184 AD2d 825, 826), this Court will not hesitate to set aside a finding where, as here, it lacks a sound and substantial basis in the record *(see, Matter of Gitchell v Gitchell,* 165 AD2d 890, 892). In the instant case indefinite physical custody was given to petitioner by respondent and she then left the State. Petitioner had physical custody of the children for approximately two years in Nehemiah's case and one year in Jeremiah's case prior to the change ordered by Family Court. Respondent did not show circumstances demonstrating that a change in physical custody of the children to respondent was in the children's best interest.

Finally, petitioner's argument that Family Court's failure to order psychological reports prior to making its custody determination is reversible error is rejected, given that such examinations were not requested and there is no claim that the parties or the children have such problems *(see, e.g., Matter of Hall v Keats, supra,* at 827; *Matter of Knauff v Fritz,* 108 AD2d 1081; *but cf., Matter of Estrada v Estrada,* 154 AD2d 376, 377).

Mercure, Crew III and Mahoney, JJ., concur. Ordered that the order is reversed, on the law and the facts, without costs, and petitions granted to the extent that the parties are awarded joint legal custody of the children, with primary physical custody to petitioner.