■ In the Matter of ANNE NIEMIEC, Respondent, v LESTER G. HUNSBERGER, Appellant. [610 NYS2d 655] —Weiss, J. Appeal from an order of the Family Court of Otsego County (Nydam, J.), entered February 18, 1993, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, for permission to relocate with the parties' children.

The opting out agreement between these parties, which was incorporated but not merged in the November 15, 1989 judgment of divorce, included, *inter alia,* joint custody of the two infant children and a provision that in the event either party should permanently relocate more than 35 miles from the City of Oneonta, Otsego County, the issues of the principal residence of the children, access to the children by the parties and child support would be determined by Family Court. Petitioner, who had obtained a Doctorate degree in pharmacology and was employed by Proctor and Gamble Pharmaceutical in the City of Norwich, Chenango County, declined to move with that employer to Cincinnati, Ohio, and instead obtained a position at Community General Hospital in Syracuse, which is 120 miles from Oneonta. Following hearings on her petition for modification of the custody provisions in the agreement and permission to relocate with the children, Family Court found, *inter alia,* that exceptional circumstances existed warranting sole custody to petitioner and permitted the relocation, and that the best interests of the children would be furthered by granting the relief sought.

On this appeal, respondent has focused on two arguments: first, that petitioner's new employment does not constitute an exceptional circumstance to justify a relocation of the primary residence of the children, and second, that disruption of the shared joint custody would not be in the best interests of the children. We find neither contention persuasive and accordingly affirm the order of Family Court.

It has been well established that when a custodial parent seeks a permanent move which will substantially deprive the noncustodial parent meaningful access to the children, a presumption arises that relocation is not in the best interests

of the children *(see, e.g., Hathaway v Hathaway,* 175 AD2d 336, 337; *Matter of Atkin v McDaniel,* 181 AD2d 188, 189; *Matter of Lavelle v Freeman,* 181 AD2d 976, 977). While the presumption may be rebutted by demonstrating that exceptional circumstances exist which justify the move *(Hathaway v Hathaway, supra),* this Court has held the "relocation rule is inapplicable in instances where the relocation is not so distant as to deprive the noncustodial parent of regular and meaningful access to the child" *(Matter of Lake v Lake,* 192 AD2d 751, 753; *see, Matter of Schaefer v Brennan,* 170 AD2d 879, 880; *Matter of Cassidy v Kapur,* 164 AD2d 513). In our view, the 120-mile distance between Oneonta and Syracuse does not rise to the level of requiring petitioner to show that exceptional circumstances exist to warrant moving the children to Syracuse.

Turning as we must to a consideration of whether a change in location of the primary residence is in the best interests of the children *(see, Matter of Atkinson v Atkinson,* 197 AD2d 771; *see also, Matter of Muzzi v Muzzi,* 189 AD2d 1022), we find that no compelling reason has been shown why the good relationship which respondent has been able to maintain with the children cannot continue, concededly with a revised visitation schedule. Obviously, the parties contemplated that a move by either could occur and provided that, in such event, Family Court would determine whether the relocation of the children's primary residence would be permitted. The record further shows that respondent encouraged and assisted petitioner in completing her higher education, which she accomplished in order to obtain better employment, and that neither party is in any respect less than a fit parent meriting custody.

Finally, the findings of Family Court which were based upon an evaluation of the testimony, character and sincerity of the witnesses and the parties who were before the court, as well as the cogent and well-prepared position of the Law Guardian, are entitled to the greatest respect *(see, Eschbach v Eschbach,* 56 NY2d 167, 173; *Matter of Clark v Dunn,* 195 AD2d 811; *Murphy v Murphy,* 195 AD2d 794; *Finn v Finn,* 176 AD2d 1132, 1132-1133) and should here be affirmed.

Cardona, P. J., Mercure, White and Casey, JJ., concur. Ordered that the order is affirmed, without costs.