■ In the Matter of SEAN P. SHERIDAN, Appellant, v GLORIA E. SHERIDAN, Respondent. [611 NYS2d 688] —Peters, J. Appeal from an order of the Family Court of Rensselaer County (Tobin, J.), entered March 5, 1993, which, inter alia, denied petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of the parties' child.

The sole issue before this Court is whether Family Court abused its discretion by determining that extraordinary circumstances existed sufficient to grant custody of the parties' child to respondent and permit her relocation to Puerto Rico.

The parties were married in December 1989 and had always resided in New York during their marriage. They have one child, Evan, born in July 1990. Respondent resided in New York from three months of age until her relocation to Puerto Rico during the term of the marriage. The only exception to this residency was one year of undergraduate study in Puerto Rico.

After their marriage, the parties resided in the City of Glens Falls, Warren County. Petitioner was employed by an architectural firm and respondent remained at home to care for their son.

In June 1991, after petitioner was laid off, the parties moved in with petitioner's brother, Timothy, in the City of Rensselaer, Rensselaer County. It was uncontested that Timothy has suffered mental illness for many years, is treated with tranquilizers and has been hospitalized on numerous occasions. Petitioner admitted that Timothy's apartment was

cramped, dirty, dangerous and had fleas which bit the child. Marital problems by and between the parties were exacerbated by their living conditions.

In August 1991, respondent left New York and took Evan to Puerto Rico with her. She testified that she "escaped" to Puerto Rico in desperation due to her inability to acquire a safe environment in New York and the necessary medical care for her son. Because her mother and father both resided in Puerto Rico, respondent contended that she needed to live there in order to receive the emotional and financial support of her family.

In this custody proceeding challenging respondent's relocation, respondent contended that petitioner abused alcohol and marihuana, that she was the victim of continued domestic violence and that she had entered a domestic violence shelter on one occasion. One expert forensic evaluator, a mental health consultant, opined that respondent was fit to have custody and that petitioner should be afforded liberal visitation. This expert further opined that petitioner's violence toward respondent may well have been a result of an alcohol problem. A certified alcohol counselor conducted an alcohol evaluation and diagnosed petitioner as alcohol dependent-provisional, subject to further evaluation which petitioner chose not to complete.

Petitioner denied going to bars on a regular basis, denied that he had an alcohol problem and denied that he had smoked marihuana since his college years. With regard to allegations of domestic violence, he admitted to striking respondent on only one occasion. In the context of forensic examinations, petitioner admitted that it would be best for respondent to have custody but that the parties should remain in New York or within a reasonable geographic location so that the father/son relationship could be fostered.

At the time of the fact-finding hearing, petitioner was unemployed and receiving approximately $256 weekly in unemployment compensation. If granted custody, petitioner testified that he would support his son through food stamps and Medicaid in addition to his unemployment allowance. Respondent testified that she was employed in Puerto Rico as a teacher earning approximately $1,000 per month and that she resided in a home owned by her father free of charge. In support of her contention that exceptional circumstances existed to cause Family Court to grant her custody and permit her to reside in Puerto Rico, respondent testified that she was

unable to obtain a teaching position in New York because she lacked certification. She testified that she applied for positions in New York City, Albany, Rochester and Florida. The evidence clearly reflects that although her efforts to complete these applications were meager, she would have to complete additional courses and become certified before a teaching position in New York would be a viable career.

After a five-day hearing, the Law Guardian recommended joint custody with physical custody to respondent provided that she returned with the child to New York or to a contiguous State. Family Court found exceptional circumstances to exist which justified respondent's departure to Puerto Rico and determined that because respondent offered a more stable, nurturing environment, she should have sole custody of the child.

In geographic relocation cases where the relocation will substantially affect the visitation rights of the noncustodial parent, a presumption arises that " 'such relocation is not in the child's best interest' " (Matter of Atkinson v Atkinson, 197 AD2d 771, 772, quoting Hathaway v Hathaway, 175 AD2d 336, 337). The relocating parent must rebut such presumption by a showing of compelling or exceptional circumstances (Matter of Atkinson v Atkinson, supra, at 772). Here, it is undisputed that the relocation of respondent and the child to Puerto Rico will clearly deprive petitioner of regular and meaningful visitation (see, e.g., Murphy v Murphy, 195 AD2d 794; Matter of Lake v Lake, 192 AD2d 751, 752-753; Matter of Atkin v McDaniel, 181 AD2d 188, 189; Matter of Cassidy v Kapur, 164 AD2d 513, 516). Yet, the compelling or exceptional circumstances fully supported by the record here include domestic violence and economic necessity evidenced by the availability of employment and financial support from respondent's family (see, Matter of Temperini v Berman, 199 AD2d 399; Matter of Atkinson v Atkinson, supra).

After determining that the move to Puerto Rico would deprive petitioner, the noncustodial parent, of regular and meaningful access and that extraordinary circumstances exist to permit such relocation, Family Court correctly determined that relocation was in the child's best interest (see, Matter of Atkinson v Atkinson, supra; Matter of Lake v Lake, supra). Noting that Family Court's determination should not be disturbed unless it is not supported by any fair interpretation of the evidence (see, Matter of Bogert v Rickard, 199 AD2d 587), we find that such determination has a sound and substantial basis in the record. We note that respondent has been Evan's

primary caretaker and, with the assistance of her family in Puerto Rico, she can ensure a stable home environment which is free from domestic violence, as compared to the uncertain and volatile living arrangements in place before the parties' separation. We therefore find that respondent has made a sufficient showing that relocation was warranted, despite the contrary recommendation by the Law Guardian.

Cardona, P. J., White, Casey and Weiss, JJ., concur. Ordered that the order is affirmed, without costs.