◼ In the Matter of BARBARA MITCHELL, Respondent, v MARK G. MITCHELL, Appellant. (And Another Related Proceeding.) [619 NYS2d 182] —Mikoll, J. P. Appeal from an order of the Family Court of Greene County (Battisti, Jr., J.), entered September 3, 1993, which, inter alia, granted petitioner's application, in a proceeding pursuant to Domestic Relations Law article 5-A, for permission to relocate with the parties' minor children and for sole custody.

Petitioner and respondent were married in August 1984. Three children were born of the marriage, Kyle in 1984, Ashley in 1987 and Jessica in 1988. The family has from time to time lived in Connecticut, Rhode Island, New Jersey and New York prior to petitioner leaving the marital residence on October 6, 1992 with the children after a verbal and physical confrontation with respondent. Petitioner claims that respondent had been drinking that night and struck her twice across the face. Petitioner had filed for divorce in September 1992, although the family remained living together in the marital residence until the October 6, 1992 incident.

Petitioner and the children resided at the home of friends from October 6, 1992 until November 2, 1992, when petitioner left New York with the children without notifying respondent to live with her parents in Texas. Petitioner testified that based on prior visits with her parents, she saw opportunities in Texas for "work and family support". Although petitioner had worked only a few temporary part-time jobs during the marriage, she was able to obtain a part-time job in Texas as a nurses' assistant.

Respondent filed a petition in April 1992 requesting custody of the children. Petitioner filed a petition seeking custody (via an order to show cause) in May 1992. The petitions were tried jointly. The parties testified at the trial, giving conflicting testimony on the issues. Petitioner presented evidence of respondent's drinking problems and his verbal and physical attacks on her, even in the presence of at least one of the children. She testified that she left the marital residence because of fear for her safety. Respondent testified that he did not consider himself an alcoholic and did not drink beer every day, as petitioner claimed, nor did he ever grab or strike her. Family Court granted petitioner sole custody of the children, found that her move to Texas was justified because of respondent's conduct and permitted her to relocate to Texas. Respondent appeals.

Family Court's order should be affirmed. Respondent's argument that the evidence was insufficient to support the award of sole custody of the children to petitioner is without merit. In this case, a "fair interpretation of the evidence" *(Matter of Bogert v Rickard,* 199 AD2d 587, 588) supports Family Court's conclusions *(see, Matter of Liccione v John H.,* 65 NY2d 826, 827-828). The evidence indicates that respondent becomes violent when intoxicated and has, on numerous occasions in the past, verbally and physically abused petitioner *(see, Vogel v Vogel,* 149 AD2d 501, 502).

The quality of the home environment is a major factor in the totality of circumstances to be considered in determining the best interests of the children *(see, Eschbach v Eschbach,* 56 NY2d 167, 172). The record indicates that the home of petitioner's parents in Texas is a four-bedroom house in a residential neighborhood with a built-in pool. Her parents provide financial and emotional support to petitioner and her mother cares for the children while petitioner works. On the other hand, respondent's denial that he has an alcohol problem and his belief that he does not need any treatment for the problem indicates that the children, if placed solely with him,

would be exposed to the potentially harmful results of his alcohol dependency *(see, Matter of Dinino v Deima,* 173 AD2d 1017, 1018). Significantly, but not surprisingly, the Law Guardian of the children recommends that the order of Family Court be affirmed. In our view, petitioner has made a sufficient showing that her move to Texas was warranted *(see, Matter of Sheridan v Sheridan,* 204 AD2d 771; *Amato v Amato,* 202 AD2d 458, 609 NYS2d 51, *lv denied* 83 NY2d 759; *Jacoby v Carter,* 167 AD2d 786).

We find no error in Family Court's failure to order mental health evaluations of the parties or a *Lincoln* hearing with the children *(see, Matter of Lincoln v Lincoln,* 24 NY2d 270). There was no claim that petitioner or the children had any specific mental, emotional or psychological problems *(see, Matter of Clark v Dunn,* 195 AD2d 811, 814; *Matter of Hall v Keats,* 184 AD2d 825, 827). A *Lincoln* hearing, although preferable, is not mandatory and we find no abuse of discretion in failing to hold one here in view of the young ages of the children at the time of the trial *(see, Matter of McGrath v Collins,* 202 AD2d 719; *Opferbeck v Opferbeck,* 57 AD2d 1074, *lv denied* 42 NY2d 810).

Mercure, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.