■ In the Matter of TIMOTHY S. CHURCH, Appellant, v PAMELA M. CHURCH-CORBETT, Respondent. [625 NYS2d 367] —Spain, J. Appeal from an order of the Family Court of Rensselaer County (Hummel, J.), entered December 17, 1993, which, *inter alia,* denied petitioner's application, in a proceeding pursuant to Family Court Act article 6, for sole custody of the parties' minor child.

Petitioner and respondent were married in October 1986 and separated in February 1990. There is one child of the marriage, born in 1987. The parties entered into a separation agreement in June 1990 which provided for joint custody of the infant with primary physical custody of the infant with respondent. The separation agreement was incorporated but not merged in a judgment of divorce granted in 1992. The separation agreement contains no provision for relocation.

In August 1992 respondent married Daniel Corbett.* Corbett is an enlisted member of the United States Navy having served approximately 12 years; he is a career Naval officer. Respondent and the infant moved to Long Island, where Corbett was assigned, after the marriage. Petitioner took no initiative to prevent the move. In December 1992 the Navy informed Corbett that his duty station was about to be changed. Corbett's options were overseas duty for approximately three years, or service on a ship, which had a home port in the Far East, for approximately four to five years. Corbett's request to be stationed in the United States was denied. Corbett thereafter accepted orders for a three-year assignment to Italy.

In May 1993 petitioner filed a petition to prevent the relocation or, in the alternative, for a modification from joint legal custody to sole custody with him. Family Court held a hearing at which both petitioner and respondent were represented by counsel. The infant was represented by a Law Guardian. After the testimony of several witnesses, an in camera interview with the infant and a review of a report submitted by the Law Guardian, Family Court found exceptional circumstances for the move based upon its finding that the livelihood of respondent's new husband depends on the

---

* Also identified as Samuel Corbett by Family Court.

move to Italy. Family Court then determined that the infant's best interest was served by continuing the infant's primary residence with respondent and that, in light of current visitation patterns, the relocation would not substantially alter the quantity of petitioner's visitation with the infant. Family Court denied the petition and ordered a modification of the visitation schedule. Petitioner now appeals.

We affirm. The pertinent law regarding relocation, as recently set forth by this Court, is as follows: "[A] geographic relocation which substantially affects the visitation rights of the noncustodial parent gives rise to the presumption that 'such relocation is not in the child's best interest' *(Hathaway v Hathaway,* 175 AD2d 336, 337; *see, e.g., Matter of Lake v Lake,* 192 AD2d 751, 752; *Matter of Atkin v McDaniel,* 181 AD2d 188, 189; *Matter of Lavelle v Freeman,* 181 AD2d 976, 977). The presumption may be rebutted 'upon a showing of exceptional circumstances by the relocating parent' *(Hathaway v Hathaway, supra,* at 337). The emerging trend which justifies relocation requires proof that the move is necessitated by *economic necessity* rather than economic betterment or mere economic advantage" *(Matter of Atkinson v Atkinson,* 197 AD2d 771, 772 [emphasis in original]; *accord, Matter of Raybin v Raybin,* 205 AD2d 918).

"If the relocating custodial parent has made a sufficient showing of exceptional circumstances, the focus shifts to the standard of whether the best interests of the children will be furthered by the move" *(Matter of Atkinson v Atkinson, supra,* at 772). Each case must be considered on its individual facts, considering the relative burdens on the parties, as well as the involvement of the noncustodial parent in the life of his or her child *(see, Matter of Bennett v Bennett,* 208 AD2d 1042, 1043; *Matter of Radford v Propper,* 190 AD2d 93, 98). In this case Corbett's military relocation orders were neither solicited nor welcome and, in fact, Corbett requested and was denied a change of orders to allow the family to continue its residence in the United States. Such exceptional circumstances justifying relocation may include a situation where a custodial parent seeks to accompany a new spouse to a new job location and there is no bad faith shown *(see, Reyes v Ball,* 162 AD2d 770, 771-772, *appeal dismissed* 77 NY2d 872; *Cmaylo v Cmaylo,* 76 AD2d 898). It should also be noted that the relocation to Italy will end in three years. We conclude that Family Court did not abuse its discretion in finding that exceptional circumstances justifying relocation were present in this matter.

Where, as here, there has been a sufficient showing of exceptional circumstances by the relocating parent, the analysis turns to whether the best interest of the child is furthered by the relocation *(see, Matter of Atkinson v Atkinson, supra,* at 772; *Matter of Lake v Lake, supra,* at 752). In the case at bar the modified visitation order will afford petitioner at least double the visitation time as the prerelocation visitation agreement allowed. That fact, coupled with the testimony regarding petitioner's failure to fully exercise his visitation rights pursuant to the terms of the separation agreement, supports Family Court's ruling. Further, Family Court has insured an opportunity for a real and continuous relationship between petitioner and the infant. The record fully supports each of Family Court's findings and, thus, its ultimate decision reflects a proper exercise of judicial discretion and will not be disregarded *(see, Matter of Van Loan v Dillenbeck,* 108 AD2d 1071, *lv denied sub nom. Janet V. v Danny J.D.,* 65 NY2d 607). Such a decision should be accorded great weight on appeal *(see, Matter of Ebert v Ebert,* 38 NY2d 700, 703).

Mercure, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, without costs.