■ In the Matter of DEBRA M. MAYNARD, Appellant, v RICHARD L. MAYNARD, Respondent. [638 NYS2d 255] —Peters, J. Appeal from an order of the Family Court of Essex County (Dawson, J.), entered April 29, 1994 in Essex County, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for joint custody of the parties' children.

The parties were married in Lewisberry, Pennsylvania, on May 30, 1981 and have two children, Benjamin (born in 1983) and Ashley (born in 1984). In June 1987, they moved to New York and lived in various locations until March 1993, when petitioner left the marital residence to live with friends in the Town of Schroon, Essex County. She continues to reside there.

When petitioner moved out of the marital home, the parties informally agreed that the children would reside with respondent in the marital home and that petitioner would be provided with liberal visitation. Thus, petitioner cared for them daily after school and shared joint child-rearing responsibilities through the summer until July 1993, when they agreed that respondent could take the children to Virginia to visit their paternal grandparents. While the children were there, respondent left his job as a maintenance worker and moved to Virginia, where he petitioned for custody.* While respondent never informed petitioner that he intended to relocate permanently, he did inform petitioner's mother of his plan two days before he left. Accordingly, in August 1993, petitioner commenced this proceeding seeking joint legal and physical custody of the children as well as respondent's return from Virginia with the children.

On October 4, 1993, Family Court granted a temporary order of joint legal custody with physical custody to respondent. Such order further provided for monthly visitation by petitioner with all costs assumed by respondent. A fact-finding hearing was held in January 1994 and March 1994 wherein the court concluded, after extensive testimony, that it was in the best interests of the children for custody to be awarded to respondent with liberal visitation to petitioner. Petitioner appeals the standard utilized by Family Court in issuing its custodial determination.

Due to respondent's unilateral move with the children to Virginia, petitioner contends that despite the absence of a prior custodial order, the court was required to apply the standard utilized in custody relocation cases. We agree. Any move to a distant locale by a custodial parent which deprives the noncustodial parent of his or her customary pattern of contact is disfavored unless exceptional circumstances are present (see, Jacoby v Carter, 167 AD2d 786; Matter of Ellor v Ellor, 145 AD2d 773, 774; see also, Matter of Messler v Messler, 218 AD2d 157; Matter of Sheridan v Sheridan, 204 AD2d 771, 773).

---

* The Virginia action was dismissed pursuant to the Uniform Child Custody Jurisdiction Act (see, Domestic Relations Law art 5-A) since Virginia could not be established as the children's "home state" (see, Domestic Relations Law § 75-c [5]).

Cardona, P. J., Mercure, White and Spain, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Essex County for further proceedings not inconsistent with this Court's decision.