In the Matter of SUSAN O. CASSIDY, Respondent-Appellant, v DAVID E. KAPUR, Appellant-Respondent.

Third Department, January 3, 1991

APPEARANCES OF COUNSEL

*David E. Kapur (Butler, Allen, Clark & Place [Earl D. Butler]* of counsel), appellant-respondent *pro se.*

*Singleton & Linn (Brett Pert Linn* of counsel), for respondent-appellant.

### OPINION OF THE COURT

LEVINE, J.

This proceeding involves disputes over custody and visitation with respect to the child of the parties born in 1985. Petitioner and respondent were married in 1983. Petitioner had a child from a previous marriage. Respondent is an attorney in private practice in Broome County. Petitioner is a physician who had been in a group practice up until 1987, when she left because her 70-hour work week took too much time away from the children. She was subject to a restrictive covenant barring her from entering into any competing private practice in the area. Thus, petitioner accepted a position as a staff physician with International Business Machines Corporation (hereinafter IBM) at its Owego plant, working about 40 hours a week.

The parties separated in 1986 when petitioner left the marital residence with both children and a divorce action was commenced. That year, they stipulated to joint legal custody of their child with petitioner having primary physical custody subject to liberal overnight visitation with respondent and equal sharing of holidays. However, the parties returned to court after bitter hostility developed, erupting into heated confrontations over visitation. In June 1988, after a hearing, Family Court granted petitioner sole custody and restricted

respondent's visitation to alternate weekends. The order directed both parties to undergo counseling toward normalizing their relationship regarding the child and provided for periodic review by the court to ascertain whether their hostility had lessened sufficiently to permit increased visitation.

Later in the same year that the foregoing order was made, petitioner made application to Family Court for approval of her move with both children to take a new medical position with IBM in Southbury, Connecticut. Respondent opposed and requested that he be awarded custody of his child.

Petitioner's proof at the hearing was that the job with IBM in Southbury was a promotion to a medical management position. IBM encourages employees to avail themselves of opportunities to advance along a career ladder. Petitioner had been a good prospect for appointment to a similar management position in Owego but, due to organizational changes, that position had been eliminated. She had turned down appointments for the same title at IBM facilities in Maryland and North Carolina because of the impact those moves would have had on respondent's visitation. The new position carries an initial $7,000 a year increase in salary and additional economic benefits because of the absence of a State income tax in Connecticut. Moreover, it offers petitioner the opportunity for further promotions which would have been foreclosed had she elected to remain at the Owego plant. Southbury is about 190 miles, a drive of slightly more than three hours, from respondent's home in Broome County. Petitioner offered to split the burden of transportation with respondent for purposes of facilitating visitation.

At the conclusion of the hearing, Family Court rendered a decision approving petitioner's relocation, finding that she had established "extraordinary economic reasons" to justify the move. The court granted respondent alternate weekend visitation with the child and directed that he be picked up and dropped off at a designated meeting place roughly midway between the parties' residences. Additionally, respondent was to have one month of uninterrupted visitation in the summer and an equal share of the child's Christmas and Easter school vacations. The court modified the previous sole custody order to reinstate joint custody for the stated purpose to "ensure compliance with the Court order on visitation". These cross appeals ensued.

Respondent's primary contention on appeal is that peti-

tioner's evidence was insufficient to establish any compelling or exceptional circumstances to justify the interference with his visitation rights resulting from her relocation to Connecticut. We need not reach that issue, however. It is by now firmly established that the compelling or exceptional circumstances requirement for sanctioning a relocation by a custodial parent only applies in its strict sense when the move would deprive the noncustodial parent of regular and meaningful access to the child (see, Matter of Schouten v Schouten, 155 AD2d 461, 462; Blundell v Blundell, 150 AD2d 321, 324; Murphy v Murphy, 145 AD2d 857, 858; Zaleski v Zaleski, 128 AD2d 865, 866, lv denied 70 NY2d 603). In each of the cited cases, the court found that the noncustodial parent was not deprived of regular access or meaningful contact, despite travel distances for visitations following relocation in excess of that involved here. The order appealed from actually represents an expansion of respondent's visitation rights. There is nothing in the record on appeal indicative of petitioner's lack of sincerity in offering to divide transportation responsibilities for visitation consistent with Family Court's order, or suggesting that her acceptance of a position in Connecticut was motivated by a desire to interfere with respondent's visitation rights. The court's order approving petitioner's relocation but requiring her to share transportation responsibilities and expanding visitation rights appears to us to be a proper balancing of the respective legitimate interests of the parties and should, therefore, be upheld.

We likewise uphold Family Court's exercise of discretion in reinstating joint custody. While the court's express purpose of insuring petitioner's compliance with the visitation order would not alone be sufficient to impose joint custody where the hostility between the parents establishes their inability to cooperate in the child's upbringing, we do not find that enhancement of visitation is an inappropriate factor to be considered in making any custody award. Here, petitioner, who now objects to joint custody, professed at the trial to a lessening of animosity toward respondent. This was found essentially to be genuine by the therapist seeing the child as a private patient at petitioner's behest. Joint custody was also recommended by the child's Law Guardian. Family Court was in the best vantage point to assess whether, despite the

history of bitter conflict between the parties, the potential for cooperation in child rearing existed.

CASEY, J. P., MIKOLL, YESAWICH, JR., and HARVEY, JJ., concur.

Order affirmed, without costs.