■ In the Matter of SUSAN SCHAEFER, Respondent, v MICHAEL V. B. BRENNAN, Appellant. (And Another Related Proceeding.)—Casey, J. Appeal from an order of the Family Court of Rensselaer County (Perkinson, J.), entered January 9, 1990, which, *inter alia,* partially granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for modification of custody of the parties' children.

The parties were married in 1973 and have two children: Sarah, their natural daughter born January 12, 1976, and Amanda, their adopted daughter born September 11, 1982. Following their separation in 1985, the parties agreed to a joint custody arrangement based upon a two-week cycle, with each party having custody of both children for a total of seven days during each 14-day cycle. This joint legal and alternating physical custody arrangement was included in an open-court stipulation entered into by the parties in March 1987, which was incorporated but not merged in the parties' judgment of divorce. Both parties remarried in 1987.

Prior to December 1987, the parties resided in separate residences in and around the City of Gloversville, Fulton County, and the alternating custody arrangement was apparently carried out with minimal disruption for the children. In December 1987, petitioner moved to Averill Park, Rensselaer County, where her new husband was employed as a school teacher. Because Averill Park and Gloversville are approximately 60 miles apart, the alternating physical custody arrangement was no longer feasible, and Amanda resided with petitioner in Averill Park while Sarah resided with respondent in Gloversville. Visitation for the noncustodial parent was arranged for alternating weekends and for a short period of time on Wednesday night every other week. This custody arrangement continued without any significant objection until June 1988, when the parties apparently could not agree on a summer visitation schedule. Both parties sought the aid of the courts, with petitioner filing her petition first in Family Court of Rensselaer County, where respondent's application was transferred by Supreme Court, Fulton County. Each party sought to modify the judgment of divorce to grant physical custody of both children to the petitioning party.

Family Court held a hearing in June 1989 at which the parties testified and the children were interviewed by the

court in camera. The record also contains reports from the Rensselaer County Probation Department and Department of Mental Health, Unified Services. Following the hearing, Family Court concluded that the best interests of the children would be served by maintaining the status quo, leaving physical custody of Amanda with petitioner and physical custody of Sarah with respondent. Respondent appeals.

It is respondent's contention that because petitioner's unilateral move to Averill Park was motivated solely by her own self-interest and effectively destroyed the alternating physical custody arrangement agreed to by the parties in their open-court stipulation, physical custody of both children should have been awarded to him. Respondent relies upon the emerging rule which prohibits a geographic move that would effectively deprive a parent of regular access to a child *(see, Weiss v Weiss,* 52 NY2d 170). The rule is founded upon the recognition by the courts of this State that a child's best interest is served by a continued parent-child relationship, particularly where that relationship has been carefully nurtured by regular, frequent and welcomed visitation *(supra,* at 175; *see, Matter of Grover v Grover,* 144 AD2d 852). Thus, due to its adverse impact on the child's best interest, "[a] distant geographic relocation by the custodial parent is disfavored, in the absence of exceptional circumstances, because it deprives the noncustodial parent access to the child" *(Matter of Towne v Towne,* 154 AD2d 766, 767). The rule, however, is not absolute *(see, Matter of Yeo v Cornaire,* 91 AD2d 1153, *affd* 59 NY2d 875), and it does not apply where the relocation is not so distant as to deprive the noncustodial parent of regular and meaningful access *(see, e.g., Matter of Cassidy v Kapur,* 164 AD2d 513), even though the travel distance may result in a decrease in the frequency of visitation *(see, Zaleski v Zaleski,* 128 AD2d 865, 866, *lv denied* 70 NY2d 603). The travel distance here is considerably less than that involved in *Matter of Cassidy v Kapur (supra)* and cases cited therein, and the record plainly establishes that both parties have regular and meaningful access to their children. We decline respondent's invitation to extend the relocation rule to those cases where, although the move does not effectively prevent regular and meaningful access, it does disrupt a previously agreed-upon alternating physical custody arrangement. Thus, the issue is not whether petitioner has shown exceptional circumstances for her relocation. Rather, as respondent concedes, the decision must be made on the basis of the children's best interests *(see, Eschbach v Eschbach,* 56 NY2d 167).

Respondent contends that Family Court erred in the focus of its best interests analysis. According to respondent, the court was required to determine whether the children's best interests were served by the change in the agreed-upon physical custody arrangement which occurred as a result of petitioner's relocation and, therefore, the court erred in focusing on the question of whether the children's best interests would be served by a change from the custody arrangement in place at the time of the hearing. In *Eschbach v Eschbach (supra)*, the Court of Appeals explained: "Where the parties have entered into an agreement as to which parent should have custody, we have stated that '[p]riority, not as an absolute but as a weighty factor, should, in the absence of extraordinary circumstances, be accorded' to that agreement. * * * This priority is afforded the first determination of custody in the belief the stability this policy will assure in the child's life is in the child's best interests. * * * But * * * '[n]o agreement of the parties can bind the court to a disposition other than that which a weighing of all the factors involved shows to be in the child's best interests" *(supra,* at 171 [citations omitted]).

Based upon these principles, a court-ordered change of the custody arrangement embodied in the parties' stipulation would ordinarily require, as respondent contends, an inquiry into whether the children's best interests would be served by a change, particularly where the agreed-upon arrangement was incorporated in the judgment of divorce. Here, however, by the time judicial intervention was sought, the altered custody arrangement fashioned by the parties had been in effect for some six months, and neither party's application sought a return to the prior arrangement, but instead both parties sought physical custody of the two children. At the hearing, respondent suggested as an alternate form of relief that he be granted physical custody of both children for 50% of the time, to give him the benefit of the original agreement, but by the time of the hearing the altered custody arrangement, whereby Amanda resided with petitioner and Sarah resided with respondent, had been in place for some 18 months. In these circumstances, we cannot fault Family Court for focusing its inquiry on whether the children's best interests would be served by changing the custody arrangement that was adopted following petitioner's relocation. As noted in *Eschbach v Eschbach (supra,* at 171), stability is an important factor in the best interests analysis.

As to the merits of Family Court's factual findings, which are accorded great deference because of the nature of custody

proceedings *(see, Matter of Pasco v Nolen,* 154 AD2d 774, 776), we see no basis for disturbing the decision. In addition to the testimony of the parties and others, and the reports of the Probation Department and Department of Mental Health, Family Court also had the advantage of its in camera interview of the children. There is nothing in the record to suggest that the court failed to consider all of the relevant factors or that its decision was not based upon the totality of the circumstances. The order should, therefore, be affirmed.

Order affirmed, without costs. Mahoney, P. J., Casey, Mikoll, Levine and Mercure, JJ., concur.