(September 16, 1991)

■ CYNTHIA CONTE, Respondent, v VINCENT CONTE, Appellant.—In a matrimonial action in which the parties were divorced by judgment dated September 25, 1986, the defendant father appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Corrado, J.), dated December 14, 1989, as (1) denied his application to enjoin the plaintiff mother from moving with their child outside a 25-mile radius of New York City, and (2) denied his

motion for suspension of his child support payments retroactive to March 16, 1989.

Ordered that the order is modified, as a matter of discretion, by deleting therefrom the provision which suspended the defendant's child support payments retroactive to October 20, 1989, and substituting therefor a provision suspending the defendant's child support payments retroactive to March 16, 1989; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The parties were divorced on September 25, 1986. Pursuant to the judgment of divorce, the mother was granted custody of the parties' son. The court awarded liberal visitation to the father, consisting of five days per week for an average of four hours each day. He was to pay $90 per week in child support. The divorce judgment also included a provision restricting the mother from moving the son beyond a 25-mile radius of New York City.

On March 16, 1989, the father suffered a debilitating stroke. In October 1989 he moved to suspend all of his child support payments. He sought visitation for all weekends and for one month during the summer vacation. He also sought to enjoin the mother from moving with the child outside a 25-mile radius of New York City, which, he claimed, the mother had threatened to do. The mother cross-moved for a modification of the provision of the judgment which mandated that she remain within a 25-mile radius of New York City, and sought to relocate within a 125-mile radius of New York City. She stated that she and her fiance planned to marry in February 1990. They were both on public assistance, but her fiance had been offered a position with his former firm,. which had relocated to Monticello in Sullivan County, New York, from an office in Ronkonkoma, in Suffolk County, where he had been employed for five years. In addition, they were the parents of a then nine-month old child, and wished to be off public assistance. The mother proposed alternate weekend visitation and undertook to transport the parties' son to the father on Friday, at 5:00 P.M. and from the father on Sunday at 5:00 P.M. She agreed to a suspension of the father's child support payments.

The court granted the mother's cross motion, modifying the judgment of divorce to permit her to move within a 125-mile radius of New York City. It also suspended the child support payments, retroactive to October 20, 1989, the date of the father's application, and not, as he requested, to March 16, 1989.

Unlike many of the cases in which this court has declined to permit the relocation of a custodial parent and child, the mother is intending to move to a city within New York State and within a reasonable distance of her current residence. Thus, the mother's relocation will not effectively curtail the father's visitation rights or deprive him of regular access to the child *(see, Blundell v Blundell,* 150 AD2d 321; *Zaleski v Zaleski,* 128 AD2d 865). Moreover, the mother has agreed to transport the child to and from visitation with the father. Additionally, the father would have one month's visitation during the summer. In all, we cannot say that the move to Monticello will be prejudicial to the father.

However, the court improvidently exercised its discretion when it, in effect, denied the father's motion to suspend his child support payments retroactive to March 16, 1989, the date from which he has been unable to work, owing to the onset of his debilitating stroke. The mother, in her cross motion papers, expressly agreed to the father's request for suspension of his child support payments on the ground that his "debilitating stroke has made it impossible for him to return to work". On appeal, she has not explicitly challenged the father's entitlement to this relief. Therefore, we modify the order appealed from by directing the suspension of child support payments retroactive to March 16, 1989. Mangano, P. J., Kooper, Rosenblatt and O'Brien, JJ., concur.