■ In the Matter of NICOLE LAKE, Appellant, v JONATHAN LAKE, Respondent. [596 NYS2d 171] —Mahoney, J. Appeal from an order of the Family Court of Delaware County (Estes, J.),

entered December 24, 1991, which, *inter alia,* granted respondent's cross petition, in a proceeding pursuant to Family Court Act article 6, for physical custody of the parties' child.

Petitioner and respondent were married in April 1985. Their only child, Jordan, was born five months later. In 1987 the parties separated. By virtue of a subsequent Family Court order they were granted joint legal custody of Jordan; physical custody was accorded to petitioner and respondent was permitted visitation every weekend from 5:00 P.M. Saturday to 6:00 P.M. Sunday. During the ensuing two years, respondent established a close relationship with Jordan, being in his company and caring for him not only during scheduled visitation times but also on those evenings when petitioner went to her part-time job or went out socially.

In December 1990, petitioner announced that she would be moving from Delaware County to Oswego County, some 120 miles away, and that she would be taking Jordan with her. Following the move, she petitioned Family Court to modify respondent's visitation schedule with Jordan from the originally ordered one day every weekend to two days every other weekend due to the move. Respondent cross-petitioned for sole custody based upon petitioner's relocation. During pendency of the proceeding, Family Court ordered that the visitation schedule be temporarily altered to provide respondent with such additional visitation rights as the parties may agree. Following a hearing, the court found that petitioner's move substantially impaired respondent's close relationship with Jordan, that this fact triggered applicability of the relocation rule with its attendant presumption that relocation was not in the child's best interest and that petitioner did not adduce sufficient evidence of exceptional circumstances necessitating the move so as to rebut the presumption. Accordingly, it ordered that physical custody of Jordan be transferred to respondent. Petitioner appeals.

It is well established that in situations where a custodial parent seeks a geographical relocation that substantially deprives the noncustodial parent of access to the child, a presumption arises that relocation is not in the child's best interest *(see, e.g., Matter of Lavelle v Freeman,* 181 AD2d 976, 977; *Hathaway v Hathaway,* 175 AD2d 336, 337). In order to sustain the move in such cases and to rebut the presumption, the custodial parent must show the existence of exceptional circumstances *(see, Hathaway v Hathaway, supra,* at 337). However, it is now equally well established in this Depart-

ment that the above-described relocation rule is inapplicable in instances where the relocation is not so distant as to deprive the noncustodial parent of regular and meaningful access to the child (see, e.g., Matter of Schaefer v Brennan, 170 AD2d 879, 880; Matter of Cassidy v Kapur, 164 AD2d 513).

In our view, the record evidence establishes that petitioner's relocation has not substantially deprived respondent of access to Jordan. While Family Court apparently based its application of the relocation rule upon the fact that respondent's customary pattern of frequent contact with Jordan, which contact exceeded that contained in the original custody order, had changed as a result of the move, this is not the benchmark against which applicability of the rule is to be measured (see, Matter of Schaefer v Brennan, supra, at 880). Rather, the governing standard is meaningful access. Here, the travel distance (120 miles) is considerably less than that involved in Matter of Cassidy v Kapur (supra) and the record plainly establishes that respondent has had continued access to Jordan and is able to continue a close and meaningful relationship with him notwithstanding the distance (see, Matter of Schaefer v Brennan, supra). Indeed, the visitation schedule arranged by the parties during pendency of the proceedings provided for very frequent contact, respondent being with Jordan every other weekend from Friday afternoon until Sunday evening and for one week periods during the winter and spring recesses. Moreover, the parties have worked out an arrangement whereby they meet one another half way in order to facilitate visitation.

It thus being evident that the relocation rule is not applicable, the dispositive issue in the case at bar is not whether petitioner has shown exceptional circumstances justifying her move but, rather, whether a change of custody is in the best interest of the child. We believe it is not. In cases such as this where a change in an established custody award is sought, we observed recently that "[w]hen there is no indication that a change in custody will substantially enhance the child's welfare * * * and the custodial parent is not shown to be unfit or less fit to continue as the proper custodian, the custody arrangement in place should not be disturbed" (Matter of Muzzi v Muzzi, 189 AD2d 1022, 1023). Such is the situation here. Initially we note that because respondent's custody petition was grounded solely upon petitioner's relocation, the evidence presented at the hearing focused almost exclusively on that subject. This resulted not only in the record being bereft of any substantial evidence that petitioner is unfit or

less fit than respondent, but a complete dearth of evidence regarding the effect a change of custody will have upon Jordan at this point in his life. While, concededly, petitioner's move will result in Jordan not having his extended family in as close proximity as they were before, and in his school not being as close as before, inasmuch as there is no indication that his family support network is or has been impacted negatively or that he will be educationally disadvantaged, these facts, standing alone, are insufficient to persuade us that Jordan's welfare will be enhanced substantially by changing the established custody arrangement so that he can remain in Delaware County.

Mikoll, J. P., Levine, Mercure and Casey, JJ., concur. Ordered that the order is reversed, on the law, without costs, cross petition dismissed, petition granted and respondent's visitation schedule with Jordan is modified from the originally ordered one day every weekend to two days every other weekend.