■ In the Matter of JOHN S. ATKINSON, Respondent, v BETH M. ATKINSON, Appellant. [602 NYS2d 953] —Weiss, P. J. Appeal from an order of the Family Court of Broome County (Hester, Jr., J.), entered December 21, 1992, which, in a proceeding pursuant to Family Court Act article 6, *inter alia,* denied respondent's cross petition to relocate with the parties' children.

Petitioner and respondent were divorced in 1989. A written separation agreement made June 20, 1989 provided for joint custody of Kristen (born in 1984) and Joshua (born in 1986) with the primary residence given to respondent. The agreement was confirmed by a Family Court order dated December 12, 1989. Petitioner exercised the visitation provided in the agreement and order regularly until mid-February 1992 when respondent relocated with the children and her paramour from Broome County to Florida. By order to show cause dated February 20, 1992, petitioner was granted temporary custody of the children and sought to have them returned to New York. Following respondent's answer and cross petition to validate her relocation to Florida, and after an evidentiary hearing, Family Court held that respondent's relocation was unlawful and deprived petitioner of meaningful visitation, and ordered respondent to return with the children to Broome County; upon her failure to comply, custody was to be awarded to petitioner. This appeal by respondent ensued.

It is well recognized that a nisi prius court has authority to prevent a custodial parent from relocating with the children, in the absence of exceptional circumstances, when the move will necessarily frustrate the visitation rights of the noncustodial parent *(see, e.g., Daghir v Daghir,* 56 NY2d 938; *Priebe v Priebe,* 55 NY2d 997; *Weiss v Weiss,* 52 NY2d 170; *see also, Hemphill v Hemphill,* 169 AD2d 29, 32, *appeal dismissed* 78 NY2d 1070). Further, it is well established that an appropriate court may compel the custodial parent to return the children to a location not unreasonably distant from the residence of the noncustodial parent or face loss of custody *(see, Sanders v Sanders,* 185 AD2d 716, 718; *Leslie v Leslie,*

180 AD2d 620, 622; *but cf., Rybicki v Rybicki,* 176 AD2d 867, 871).

It is equally well settled that the "best interest of the child" standard applies to all child custody cases (Domestic Relations Law § 70 [a]; *Eschbach v Eschbach,* 56 NY2d 167, 171; *Matter of Farmer v Dervay,* 174 AD2d 857, 858, *lv dismissed* 78 NY2d 1041) and that a geographic relocation which substantially affects the visitation rights of the noncustodial parent gives rise to the presumption that "such relocation is not in the child's best interest" *(Hathaway v Hathaway,* 175 AD2d 336, 337; *see, e.g., Matter of Lake v Lake,* 192 AD2d 751, 752; *Matter of Atkin v McDaniel,* 181 AD2d 188, 189; *Matter of Lavelle v Freeman,* 181 AD2d 976, 977). The presumption may be rebutted "upon a showing of exceptional circumstances by the relocating parent" *(Hathaway v Hathaway, supra,* at 337). The emerging trend which justifies relocation requires proof that the move is necessitated by *economic necessity* rather than economic betterment or mere economic advantage *(see, Matter of Radford v Propper,* 190 AD2d 93, 101-102; *Sanders v Sanders, supra; Matter of Lavelle v Freeman, supra; Matter of Bonfiglio v Bonfiglio,* 134 AD2d 426, 428). The desire to make a "fresh start" will not suffice (Handschu, *Outside Counsel—Conflict in Appeals Courts: No Geographic Relocation,* NYLJ, July 28, 1993, at 1, col 1; *see, Sanders v Sanders, supra,* at 718; *Holsberg v Shankman,* 171 AD2d 1067). If the relocating custodial parent has made a sufficient showing of exceptional circumstances, the focus shifts to the standard of whether the best interests of the children will be furthered by the move *(see, Matter of Lake v Lake, supra; see also, Matter of Hollington v Cocchiola,* 180 AD2d 635, 636; *Kuzmicki v Kuzmicki,* 171 AD2d 843, 844). This standard may include "exceptional financial, educational, employment, or health considerations * * * which necessitate or justify the move" *(Richardson v Howard,* 135 AD2d 1140; *see, Poretsky v Poretsky,* 176 AD2d 713, 715), but the remarriage of the custodial parent alone is simply not a sufficient justification to remove the child *(Matter of Radford v Propper, supra).*

We find the proof before Family Court in this case wholly insufficient to support any contrary finding. There is no evidence of economic necessity which would justify the relocation away from Broome County, nor did respondent demonstrate that the best interests of the children would be served by the move to Florida. Rather, the proof shows a relationship between the noncustodial parent and the children in which petitioner faithfully exercised his visitation rights and fully

interacted with the children in family, school and social matters. Finally, as did Family Court, we also reject the charges of sex abuse levied against petitioner by respondent in an obvious ploy to mitigate the impropriety of her relocation.

Because the primary consideration has distilled to what are the best interests of these children *(see, Matter of Perry v Perry,* 194 AD2d 837; *Matter of Muzzi v Muzzi,* 189 AD2d 1022, 1023; *Matter of Rozelle v Rozelle,* 184 AD2d 973, 975, *appeal dismissed* 81 NY2d 784), and because justification does not appear in this record to disturb the findings of Family Court which "had the advantage of seeing the witnesses and assessing their credibility firsthand" *(Matter of Fringo v Riccio,* 171 AD2d 963, 964), we decline to disturb its order.

Mercure, Cardona, Mahoney and Casey, JJ., concur. Ordered that the order is affirmed, without costs.