■ In the Matter of MICHELLE R. DRUMMOND, Appellant, v CHARLES DRUMMOND, Respondent. [613 NYS2d 717] —Casey, J. Appeal from an order of the Family Court of Fulton County (Jung, J.), entered January 7, 1993, which denied petitioner's application, in a proceeding pursuant to Family Court Act article 6, for, *inter alia,* sole custody of the parties' children.

Petitioner contends that Family Court erred in failing to grant her request to change the custody arrangement for the parties' three children from the joint custody originally agreed upon by the parties to sole custody with petitioner. Although a prior custody arrangement is not determinative of an application to change custody, it is a "weighty factor to consider" *(Matter of Williams v Williams,* 188 AD2d 906, 908). There must be a showing of a sufficient change in circumstances to establish a real need to effect a change to insure the best interests and welfare of the children *(Matter of Haran-Buckner v Buckner,* 188 AD2d 705, 706-707). Joint custody involves

the sharing by the parents of responsibility for and control over the upbringing of their children, and imposes upon the parents an obligation to behave in a mature, civilized and cooperative manner in carrying out the joint custody arrangement *(see, Matter of Frandsen v Frandsen,* 190 AD2d 975, 976). Thus, no abuse of discretion will be found in a decision to terminate joint custody when the record indicates that the parties are antagonistic to each other and can no longer successfully cooperate in carrying out the obligation imposed upon them by the joint custody arrangement *(see, Matter of Schwartz v Schwartz,* 144 AD2d 857, 858, *lv denied* 74 NY2d 604).

Here, the record reflects the parties' antagonism, as evidenced by Family Court's finding that respondent violated the order of protection, and there is ample evidence in the record to demonstrate that respondent's visits with his children have been sporadic and infrequent at best. In effect, petitioner has become the sole custodial parent as a result of respondent's failure to meet the obligations imposed upon him by the joint custody arrangement. We conclude, therefore, that Family Court erred in denying petitioner's request to terminate the joint custody arrangement.

Petitioner also contends that Family Court erred in denying her request to relocate with the children to Massachusetts. Family Court found no exceptional circumstances which would justify the relocation. "It is by now firmly established that the compelling or exceptional circumstances requirement for sanctioning a relocation by a custodial parent only applies in its strict sense when the move would deprive the noncustodial parent of regular and meaningful access to the child" *(Matter of Cassidy v Kapur,* 164 AD2d 513, 516). Family Court made no finding that the relocation to Massachusetts proposed by petitioner would deprive respondent of regular and meaningful access to the children, and the record contains no evidence relevant to that issue, such as the distance and travel time associated with the relocation. The matter must, therefore, be remitted to Family Court for further proceedings and a decision on the issue of whether the relocation proposed by petitioner would deprive respondent of regular and meaningful access to the children.

Cardona, P. J., Mikoll, Mercure and Weiss, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by reversing so much thereof as denied petitioner's request for sole custody of the parties' children and denied her request to relocate with the children to another

State; petitioner's request for sole custody of the children granted and matter remitted to the Family Court of Fulton County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.