■ In the Matter of BRENDA E. GIOVANNONE, Appellant, v FRANK A. GIOVANNONE, JR., Respondent. [616 NYS2d 131] — Order unanimously reversed on the law without costs, petition granted, cross petition dismissed and matter remitted to Oneida County Family Court for further proceedings in accordance with the following Memorandum: Under the terms of the parties' separation agreement, which was incorporated into the divorce decree, petitioner was required to seek court permission to relocate with the parties' child outside Oneida County. Nearly four years after the divorce, petitioner filed a petition seeking court approval of her proposed relocation from the Utica area to the Syracuse area. Respondent opposed the relocation and filed a cross petition seeking primary physical custody of the child.

Family Court erred in denying the petition for permission to relocate. Petitioner established that the relocation would not effectively curtail respondent's visitation rights or deprive respondent of regular and meaningful access to the child *(see, Matter of Lake v Lake,* 192 AD2d 751; *Conte v Conte,* 176 AD2d 247; *Matter of Schaefer v Brennan,* 170 AD2d 879). Petitioner's new home is approximately 45 miles from petitioner's former residence and 70 miles from respondent's residence in Herkimer County. The visitation schedule proposed by petitioner affords respondent greater access to the child than he enjoyed prior to the initiation of the proceeding. Further, petitioner has demonstrated her willingness to ensure respondent's frequent and regular contact with the child.

Because the evidence establishes that the relocation would not substantially deprive respondent of meaningful access to the child, "the dispositive issue in the case at bar is not whether petitioner has shown exceptional circumstances justifying her move but, rather, whether a change of custody is in the best interest of the child" *(Matter of Lake v Lake, supra,* at 753; *see also, Matter of Schaefer v Brennan, supra; Matter of Cassidy v Kapur,* 164 AD2d 513). We conclude that it is not. We further conclude that the court erred in granting respondent's cross petition for primary physical custody of the child.

"When there is no indication that a change in custody will substantially enhance the child's welfare * * * and the custodial parent is not shown to be unfit or less fit to continue as the proper custodian, the custody arrangement should not be disturbed" *(Matter of Muzzi v Muzzi,* 189 AD2d 1022, 1023; *see also, Fisher v Fisher,* 206 AD2d 910 [decided herewith]; *Matter of Miles v Worthington* [appeal No. 2], 199 AD2d 1057, 1058; *Matter of Lake v Lake, supra,* at 753; *Verity v Verity,* 107 AD2d 1082, 1084, *affd* 65 NY2d 1002). The record in this proceeding contains no such indication.

We order custody of the child restored to petitioner, and we remit the matter to Oneida County Family Court for further proceedings to fix visitation. (Appeal from Order of Oneida County Family Court, Flemma, J.—Custody.) Present—Green, J. P., Balio, Fallon, Callahan and Davis, JJ.