■ In the Matter of DENISE M. MacCUE, Respondent, v DALE A. CHARTIER, Appellant. [617 NYS2d 544] —Peters, J. Appeal from an order of the Family Court of Saratoga County (James, J.), entered December 28, 1993, which, *inter alia,* in a proceeding pursuant to Family Court Act article 6, denied respondent's application for custody of the parties' child.

Petitioner and respondent are the parents of a child born in 1984. The parties were never married but lived together for various periods of time until approximately March 1987. At all times, petitioner assumed full-time custodial care. When the child was 2½ years old, respondent was incarcerated for approximately 20 months during which time he saw the child sporadically. After being released from prison, respondent was in a halfway house in Albany and saw the child approximately twice a week, the full amount of visitation permitted at such time. Upon release from the halfway house in the fall of 1989 until the institution of this proceeding, respondent exercised regular visitation with the child which initially included every weekend from Friday until Sunday and was later modified, by court order, to every other weekend from Friday evening until Sunday evening, alternate holidays and substantial time during the summer. In the 3½ years between the order as modified and the institution of this proceeding, it is undisputed that respondent missed only one weekend of visitation.

Around February 1993, petitioner, who was living in the Town of Clifton Park, Saratoga County, began making plans to leave New York. As her fiancé desired to attend Florida State University, she contemplated a move to Florida. In July 1993, petitioner voluntarily sold her nail care business and did not seek additional employment in New York. On August 21, 1993, petitioner and her fiancé married and while on their honeymoon in South Carolina, abandoned the idea of a Florida relocation and obtained employment and permanent living arrangements in that State.

Upon learning of her proposed move south, respondent filed a petition to prohibit petitioner from removing the child from New York. After a hearing on the matter, petitioner was temporarily permitted to relocate to South Carolina. A trial was held at which petitioner and respondent were the only witnesses to testify. Family Court conducted an in camera interview with the child and the Law Guardian recommended

that the child's best interest would be served by remaining with petitioner. Family Court found, *inter alia,* that petitioner demonstrated the requisite exceptional circumstances to justify the move and that relocation would be in the best interest of the child. Respondent appeals.

Petitioner contends that it is not necessary to demonstrate exceptional circumstances since her relocation to South Carolina would not deny respondent meaningful access to the child or substantially impair his visitation rights. We disagree. It is now well settled that when a custodial parent seeks a permanent move which will substantially affect the visitation rights of the noncustodial parent, a presumption arises that " ' "such relocation is not in the child's best interest" ' " *(Matter of Raybin v Raybin,* 205 AD2d 918, 920, quoting *Hathaway v Hathaway,* 175 AD2d 336, 337; *see also, Matter of Lake v Lake,* 192 AD2d 751; *Matter of Lavelle v Freeman,* 181 AD2d 976; *Matter of Atkin v McDaniel,* 181 AD2d 188). To rebut this presumption, the custodial parent bears the heavy burden of showing exceptional circumstances to justify the move *(see, Matter of Raybin v Raybin, supra; Hathaway v Hathaway, supra).* Such rule would not apply where relocation is not so distant as to deprive the noncustodial parent of regular and meaningful access, even though the distance may result in a decrease in the frequency of visitation *(see, Matter of Niemiec v Hunsberger,* 203 AD2d 731; *Matter of Lake v Lake, supra; Matter of Schaeffer v Brennan,* 170 AD2d 879).

In determining whether the proposed move would deprive respondent of regular and meaningful access to the child, we first note that Family Court, after hearing all of the evidence and testimony in this matter, found that respondent had a meaningful relationship with the child. We further find that the distance between New York and South Carolina is substantial *(cf., Matter of Niemiec v Hunsberger, supra; Matter of Lake v Lake, supra),* and that in light of the visitation previously enjoyed by respondent, relocation from New York to South Carolina is "so distant as to deprive [respondent] of regular and meaningful access to the child" *(Matter of Lake v Lake, supra;* at 753; *see, Matter of Schaefer v Brennan, supra; Matter of Cassidy v Kapur,* 164 AD2d 513).

The issue thus becomes whether petitioner has sustained her burden of demonstrating exceptional circumstances to justify relocation. While Family Court found that exceptional circumstances had been proven and although we are aware that Family Court's findings are to be given great deference *(see, Eschbach v Eschbach,* 56 NY2d 167; *Matter of Clark v*

*Dunn,* 195 AD2d 811; *Matter of Williams v Williams,* 188 AD2d 906), this Court "will not hesitate to set aside a finding where, as here, it lacks a sound and substantial basis in the record" *(Matter of Clark v Dunn, supra,* at 814; *see, Matter of Gitchell v Gitchell,* 165 AD2d 890). As we have previously noted, " '[t]he emerging trend which justifies relocation requires proof that the move is necessitated by economic necessity rather than economic betterment or mere economic advantage' " *(Matter of Raybin v Raybin, supra,* at 920; quoting *Matter of Atkinson v Atkinson,* 197 AD2d 771, 772).

In reviewing the record before us, we find that, notwithstanding petitioner's training in the areas of cosmetology and nursing, petitioner voluntarily sold her business and never attempted to seek other employment opportunities in this State. We further note that while she now earns approximately $600 per month at her new employment in South Carolina, petitioner testified that she earned the same amount here and was doing the same kind of work. Petitioner proffered no other testimony concerning exceptional financial, educational or health considerations which might necessitate or justify the move *(see, Matter of Raybin v Raybin, supra,* at 920). In finding that petitioner's "decision to move to [South Carolina] was a voluntary one motivated by purely personal reasons" *(Matter of Atkin v McDaniel, supra,* at 190; *see, Matter of Raybin v Raybin, supra; cf., Matter of Sheridan v Sheridan,* 204 AD2d 771), we find that petitioner has not demonstrated the requisite exceptional circumstances to overcome the presumption that relocation was not in the child's best interest.*

Since petitioner, as the custodial parent, has not made a sufficient showing of exceptional circumstances, there remains no need to determine whether the best interest of the child will be furthered by the move *(see, Matter of Raybin v Raybin, supra).* Accordingly, we find that Family Court improperly exercised its discretion by allowing petitioner to relocate with the child, and we therefore reverse.

Crew III, J. P., Casey and Yesawich Jr., JJ., concur. Ordered that the order is reversed, on the law and the facts, with costs, and matter remitted to the Family Court of Sara-

---

* As to any allegation of abuse asserted by petitioner justifying the move, we note that mutual orders of protection were issued by order dated April 17, 1991, yet such orders and the petitions supporting such requests are not included in the record. Accordingly, unlike *Matter of Sheridan v Sheridan (supra),* we find nothing in the record which would justify a move based upon allegations of abuse.

toga County for further proceedings not inconsistent with this Court's decision.