◾ In the Matter of LISA SKEVAL, Appellant-Respondent, v CHRISTOPHER SKEVAL, Respondent-Appellant. [620 NYS2d 545] —White, J. Cross appeals from an order of the Family Court of Tompkins County (Barrett, J.), entered September 9, 1993, which, *inter alia,* denied petitioner's application, in a proceeding pursuant to Family Court Act article 6, to modify a prior custody order.

The parties are the parents of one child, Matthew, born September 20, 1984. Pursuant to their amended judgment of divorce, entered December 11, 1987, petitioner has custody of Matthew and respondent has visitation rights on, *inter alia,* alternate weekends, alternate legal holidays and during vacation periods. The judgment further provides that petitioner "shall not change her residence * * * to any greater geographical distance from the present address of [respondent]". At the time the judgment was entered, petitioner lived about 1½ hours away from respondent's residence in the Town of Tully, Onondaga County.

In June 1993, petitioner filed a petition in Family Court seeking a modification of the divorce judgment to allow her and Matthew to relocate to Norfolk, Virginia. Respondent, in turn, filed a cross petition requesting custody of Matthew.* Following a hearing, Family Court denied both petitions giving rise to these appeals.

When, as here, a custodial parent's relocation to a distant locale will necessarily frustrate the visitation rights of the noncustodial parent, the relocation will not be judicially sanctioned in the absence of exceptional or compelling circumstances, and the heavy burden of proving said circumstances

---

* We note and disapprove of Family Court's decision not to appoint a Law Guardian for Matthew *(see, Ladizhensky v Ladizhensky,* 184 AD2d 756).

is upon the custodial parent who seeks relocation *(see, Matter of Radford v Propper,* 190 AD2d 93). Generally, exceptional circumstances will only be found where the move is necessitated by economic necessity *(see, Matter of Atkinson v Atkinson,* 197 AD2d 771), and great deference will be given to the findings of the trial court *(see, Matter of Fringo v Riccio,* 171 AD2d 963).

In this instance, the motivating factor for petitioner's relocation is her desire to join her new husband, a petty officer in the U.S. Navy, who is stationed at Norfolk, Virginia. Significantly, petitioner, a registered nurse, has not shown that her wish to relocate is driven by economic necessity as there is no proof in the record that she cannot obtain employment in her profession in the Tompkins County area where she currently resides. Therefore, because the remarriage of the custodial parent is not a significant justification to warrant a relocation and as respondent has evinced a sincere interest in Matthew by regularly and frequently exercising his visitation rights to the full extent permitted by his work schedule, we shall affirm Family Court's denial of the petition *(see, Matter of Atkinson v Atkinson, supra,* at 772).

Inasmuch as petitioner remains in New York, we shall also affirm Family Court's denial of respondent's cross petition since there is no indication that a change in custody will substantially enhance Matthew's welfare and that petitioner is unfit or less fit to continue as the custodial parent *(see, Matter of Lake v Lake,* 192 AD2d 751).

Mikoll, J. P., Crew III, Casey and Peters, JJ., concur. Ordered that the order is affirmed, without costs.