■ In the Matter of SHANNON HENEHAN, Appellant, v JOSEPH HENEHAN, SR., Respondent. (And Another Related Proceeding.) [622 NYS2d 1013] —Mikoll, J. P. Appeal from an order of the Family Court of Broome County (Hester, Jr., J.), entered January 3, 1994, which dismissed petitioner's applications, in two proceedings pursuant to Family Court Act article 6, for permission to relocate with the parties' children.

Petitioner and respondent were married in 1985 and divorced in 1989. Two children were born of the marriage, Joseph in May 1985 and Sarah in August 1986. A separation agreement which was incorporated but not merged in the divorce provided that the parents share joint custody of the children with the primary custody to petitioner. The agreement gave liberal visitation rights to respondent and required that petitioner not move outside of a 20-mile radius from the children's residence in Broome County without the prior approval of either respondent or Family Court.

Petitioner moved with the children to the Village of Moravia, Cayuga County, which move was subsequently approved by order of Family Court. Family Court, however, denied respondent's application for modification of custody, as well as both parties' violation petitions. Thereafter, in 1992, Family Court issued an order concerning visitation times, directing that transfers of the children were to take place in the Village of Whitney Point, Broome County, and that neither party was to remove the children from their respective counties without court permission.

In July 1992, petitioner returned to Broome County with

the children without prior court approval. In the spring of 1993 she made plans to enroll in a paralegal course starting in August 1993 at Tompkins-Cortland Community College in the Village of Dryden, Tompkins County. In May 1993 she petitioned Family Court for authority to relocate to Dryden, found an apartment there in June 1993 and planned to enroll her children in the Banana Split Program, a program for children of separated or divorced parents. Respondent opposed the motion and apparently applied for modification of custody, claiming that when petitioner resided in Moravia she consistently violated his visitation rights. He also claimed that his time of visitation with and influence over the children would be reduced if petitioner were permitted to move to Dryden. He further stated his concerns for the welfare of the children in Dryden as petitioner's boyfriend shared the apartment she rented there.

Following a hearing, Family Court issued an order on June 11, 1993 continuing the 1992 order regarding custody and visitation and granted petitioner permission to move with the children to Dryden pending resolution of the matter. Petitioner and the children were then residing in a motel in the Village of Endicott, Broome County. Family Court conducted an in camera interview with the children on August 18, 1993. Following further hearings Family Court, *inter alia,* directed petitioner to move back to Broome County with the children or lose custody. Petitioner appeals from this order.[*]

The primary issues presented on this appeal are (1) whether Family Court erred in apparently applying the exceptional circumstances test to petitioner's application, and (2) whether Family Court made an adequate inquiry to determine the best interests of the children with reference to the change of custody issue. In our view Family Court erred in applying the extraordinary circumstances rule to this move and in failing to consider and make a proper factual inquiry regarding the best interests of the children. The order of Family Court should be reversed and the matter remitted for further development of the facts at a new hearing regarding petitioner's relocation or modification of custody.

Family Court, although it referred to exceptional circumstances, nevertheless properly found that Dryden was sufficiently close to respondent's residence that petitioner was not required to establish the existence of exceptional circum-

---

[*] Respondent appeared and acted *pro se* in Family Court and has not filed a brief on this appeal.

stances *(see, Matter of Niemiec v Hunsberger,* 203 AD2d 731, 731-732; *Matter of Lake v Lake,* 192 AD2d 751, 753). The move to Dryden brings petitioner closer to Whitney Point, the transfer location approved in the 1992 Family Court order, than was her Moravia residence. However, geography alone is not the determinative factor; the best interests of the children are also important. Circumstances other than distance may be attendant to a move that would frustrate the noncustodial parent's visitation rights and ability to cultivate a meaningful relationship with the child *(see, Matter of Radford v Propper,* 190 AD2d 93, 100-101). Family Court failed to make factual findings regarding such relevant factors. The record is insufficient to support a determination of the issue. Consequently, further development of the record is necessary.

Petitioner and the Law Guardian properly urge that before an existing custody order may be modified, Family Court must make an inquiry into the best interests of the children *(see,* Domestic Relations Law § 70; *Eschbach v Eschbach,* 56 NY2d 167, 171). However, it is clear that Family Court failed to make that inquiry here. Family Court should have considered, *inter alia,* the effect of moving the children from the school and counseling programs provided in Dryden and the effect on their future of petitioner's withdrawal from college to return to public assistance.

The Law Guardian's assertion that petitioner's move to Dryden is clearly in the best interests of the children may not be accurate in the face of some evidence indicating petitioner and her live-in boyfriend smoked marihuana in the presence of the children, mistreatment of the children, careless and unsafe driving with the children in the car, the boyfriend's alleged history of drug use, and the possibility that petitioner's driver's license may not be valid, casting doubt on her ability to transport the children for visitation purposes if she breaks up with her boyfriend. Thus, relevant factors should have been more fully explored before Family Court reached its decision in the instant case *(see, e.g., Matter of Drummond v Drummond,* 205 AD2d 847, 848; *Matter of Perry v Perry,* 194 AD2d 837, 838). Significantly, where, as here, there is an existing custody order and no finding that petitioner is an unfit or less fit parent than respondent, a change in custody may be inappropriate *(see, e.g., Matter of Muzzi v Muzzi,* 189 AD2d 1022, 1023-1024).

Crew III, White, Casey and Yesawich Jr., JJ., concur. Ordered that the order is reversed, without costs, and matter

remitted to the Family Court of Broome County for further proceedings not inconsistent with this Court's decision.