■ In the Matter of JOHN DACEY, Respondent, v CHRISTINA DACEY, Appellant. [624 NYS2d 669] —White, J. Appeal from an order of the Family Court of Delaware County (Estes, J.), entered September 7, 1994, which, *inter alia,* granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of Christopher Dacey and Lisa Dacey.

Following the parties' separation, respondent obtained an order in January 1992 awarding her custody of their three children, Bridget, Christopher and Lisa. Respondent continued to live with the children in the marital residence located in the Town of Kortright, Delaware County, until September 1993, when she moved to the Town of Stamford, Delaware County. Thereafter, on April 14, 1994, she and Lisa, then age 10, moved to Virginia while Christopher, then age 14, remained in New York living with a family in Kortright so that he could continue to attend South Kortright High School.

Upon learning of respondent's move, petitioner, a resident of the Town of Walton, Delaware County, filed a petition seeking custody on the ground that respondent's move had separated the children. At the conclusion of an evidentiary hearing, Family Court granted the petition, concluding that respondent had not shown that her move was necessitated by exceptional circumstances. On reargument, Family Court adhered to its decision but dismissed the petition against Bridget as she was no longer subject to its jurisdiction, having attained the age of 18 *(see,* Family Ct Act § 651). Respondent appeals.

Predicated upon the principle that visitation is a joint right of both the noncustodial parent and the child, and upon the premise that the best interests of children are furthered by their being nurtured and guided by both their parents, the general policy of this State is that a move by the custodial parent to a distant locale which effectively deprives the noncustodial parent of regular access to the child gives rise to the presumption that such relocation is not in the child's best interest *(see, Matter of Raybin v Raybin,* 205 AD2d 918; *Amato v Amato,* 202 AD2d 458, *lv denied* 83 NY2d 759). The

custodial parent may rebut the presumption by showing that the relocation was necessitated by exceptional circumstances *(see, Matter of Bennett v Bennett,* 208 AD2d 1042).

Before applying the presumption, or relocation rule, it must first be determined if the relocation will effectively deprive the noncustodial parent of regular and meaningful access to the children *(see, Matter of Radford v Propper,* 190 AD2d 93, 99; *Matter of Cassidy v Kapur,* 164 AD2d 513, 516). In making this determination, in addition to looking at the numerical distances involved, such factors as the number of visitation hours that ultimately would be lost, the frequency of visitation, the regularity with which the noncustodial parent exercised visitation and the involvement of the noncustodial parent in the lives of the children must be considered *(see, Matter of Radford v Propper, supra,* at 100). In short, the objective is to reach a reasonable accommodation of the rights and needs of all concerned with appropriate consideration given to the good faith of the parties in respecting each other's parental rights *(see, Hemphill v Hemphill,* 169 AD2d 29, 32, *appeal dismissed* 78 NY2d 1070).

Even though the custody order gave petitioner unlimited visitation rights, Family Court found that, between September 1993 and April 1994, he saw Lisa no more than six times, never once traveling the approximate 20 miles from his place of business nor the 36 miles from his residence to her residence. Between January 1992 and September 1993, he visited with Lisa approximately five times. Family Court also found that petitioner's visitation with Christopher was limited to holidays and when Christopher or Bridget were working at his business. The record further discloses that as the result of petitioner's failure to pay court-ordered child support, arrears of $2,385 had accrued by January 1994 and respondent was forced to seek public assistance to supplement her earnings.

The only conclusion that can be reached from this record is that petitioner did not play an important part in his children's lives since 1992 nor did he make any attempt to do so. Thus, respondent's relocation will minimally affect his relationship with Lisa and Christopher. Therefore, since the predicate for applying the relocation rule is lacking, Family Court should not have done so herein. Parenthetically, we note that the visitation schedule proposed by respondent at the hearing provides petitioner with substantially more visitation than he exercised over the last two years.

Without the application of the relocation rule, the dispositive issue turns from whether respondent established excep-

tional circumstances to whether a change in custody would be in the children's best interests *(see, Matter of Lake v Lake,* 192 AD2d 751, 753). Although Family Court did not reach this issue, we may consider it since the record is sufficient and our authority in custody matters is as broad as that of the hearing court *(see, Matter of Louise E. S. v W. Stephen S.,* 64 NY2d 946, 947; *Walash v Walash,* 183 AD2d 1, 2).

Generally, where there is no indication that a change in custody will substantially enhance the child's welfare and the custodial parent is not shown to be less fit to continue as custodian, the custody disposition in place should not be disturbed *(see, Matter of Clary v Bond,* 186 AD2d 869, 870). Aside from the fact that there is no evidence that respondent is not fit to continue as the custodial parent, a change in custody would not substantially enhance the children's welfare. As Family Court pointed out, petitioner is consumed by his work and offered no particular plan as to how he would care for the children. Moreover, his failure to maintain a regular and frequent visitation schedule with the children and to provide them with support on a regular basis casts significant doubt on his ability to successfully assume the burdens of a custodial parent. This doubt is further exemplified by petitioner's unwillingness to drive Christopher to and from school despite his claim that he only works 20 to 25 hours per week. Therefore, in view of these circumstances, we find that it would not be in the children's best interests to award custody to petitioner. Accordingly, the petition is dismissed.

Mercure, J. P., Casey, Peters and Spain, JJ., concur. Ordered that the order is reversed, on the law and the facts, without costs, petition dismissed and matter remitted to the Family Court of Delaware County for determination of a visitation schedule.