■ In the Matter of SHERRY L. J. HAAS, Appellant, v JOHN B. GRAHAM, Respondent. [626 NYS2d 882] —Casey, J. Appeal from an order of the Family Court of Broome County (Hester, Jr., J.), entered July 21, 1993, which, inter alia, dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, to relocate with the parties' child.

The parties are the unmarried parents of a child born in 1985. Family Court awarded custody of the child to petitioner, with visitation to respondent. Respondent exercised regular visitation on alternating weekends and during the week. In March 1991, petitioner began living with Frederick Haas and made this application in January 1993 pursuant to Family Court Act article 6 to modify respondent's visitation so that she, Haas and the child could relocate from Broome County to Florida. In February 1993, Haas moved to Florida and started a remodeling business. In May 1993, just before Family Court's hearing in this matter, petitioner and Haas were married.

At the hearing petitioner, who has associate's degrees in liberal arts and early education, complained about the job situation in Broome County for her and Haas and testified that she would be employed in the office of Haas' business in Florida if permitted to relocate there. Haas testified that his income in 1992 was only $6,000 and that, at the time of the hearing, he was earning $800 to $1,000 a week in Florida. Respondent testified to his involvement with the child's activities, his care of the child and the considerable amount of time the child spends with respondent's sister and parents. Family Court determined that petitioner failed to demonstrate the existence of exceptional circumstances to justify relocation to Florida and dismissed the petition.

We agree with Family Court's decision. Relocation such as the one proposed by petitioner requires a showing of exceptional circumstances by the relocating parent to overcome the presumption that such a move is not in the best interest of the child (see, Matter of Lake v Lake, 192 AD2d 751, 752). To justify relocation, the move must be required by economic

necessity rather than by economic betterment *(see, Matter of Atkinson v Atkinson,* 197 AD2d 771, 772).

The record reveals that the burden imposed on petitioner by law was not met, as Family Court found. The evidence presented by petitioner in support of her claim of economic necessity for the relocation was, for the most part, speculative and undocumented. The lack of proof of petitioner's efforts to secure suitable employment in her present location is also a sufficient basis for denial of her application *(see, Matter of MacCue v Chartier,* 208 AD2d 1107). Having failed to demonstrate the existence of exceptional circumstances, petitioner was not entitled to the relief requested in her application.

Cardona, P. J., White, Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.