■ In the Matter of KURT WITTIG, Respondent, v DEBORAH WITTIG, Appellant. [626 NYS2d 863] —Mercure, J. Appeal from an order of the Family Court of Chemung County (Castellino, J.), entered May 23, 1994, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for visitation with the parties' child on a regular basis and denied respondent's cross petition for an order authorizing her relocation with the child to California.

The parties were divorced in 1984. At that time, they stipulated to joint custody of their son, Andrew, then only 10 months old, with physical custody to respondent and "reasonable visitation" to petitioner. In September 1993, respondent left Andrew with petitioner's mother in order to take what respondent indicated would be an Arizona vacation. In fact, it was respondent's intention to relocate to California with her boyfriend. In mid-December 1993, respondent returned to Chemung County for Andrew, prompting petitioner to bring this application for regular visitation and respondent to cross-petition for leave to relocate with Andrew to California.

On the proceeding in Family Court and on this appeal, respondent has made no effort to establish the existence of exceptional circumstances for her move to California (see, e.g., Matter of Skeval v Skeval, 210 AD2d 751, 751-752; Matter of Atkinson v Atkinson, 197 AD2d 771, 772; Matter of Radford v Propper, 190 AD2d 93, 98-100). Rather, she takes the approach that because petitioner rarely exercised his right to visitation with Andrew or provided support for him, her relocation to California would not deprive petitioner of "regular and meaningful access to the child" (Matter of Lake v Lake, 192 AD2d 751, 753; see, Matter of Bennett v Bennett, 208 AD2d 1042, 1043; cf., Matter of Dacey v Dacey, 214 AD2d 790). However, the evidence adduced at the hearing showed, and Family Court properly found, that although petitioner's contact with Andrew had been somewhat sporadic (particularly during a seven-year period when petitioner lived in Virginia in order to pursue employment opportunities there), he exercised regular

visitation and made court-ordered support payments following his return to Chemung County in July 1992. We perceive no basis for disturbing Family Court's conclusion that "the move to California by respondent if effected, will 'deprive [petitioner] of regular and meaningful access to [Andrew]' " (quoting *Matter of Cassidy v Kapur,* 164 AD2d 513, 516).

Cardona, P. J., White, Casey and Spain, JJ., concur. Ordered that the order is affirmed, without costs.