■ In the Matter of DANNIE G. WILSON, Respondent, v CYNTHIA L. WILSON, Appellant. JOHN W. CAFFRY, as Law Guardian, Appellant. [629 NYS2d 326] —Spain, J. Appeal from an order of the Family Court of St. Lawrence County (Nelson, J.), entered March 3, 1994, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, to prohibit respondent from relocating with the parties' children.

The parties, formerly married, have two children, Matthew, born in 1982, and Kayleigh, born in 1986. By an order upon stipulation entered October 30, 1991, respondent was granted custody of the children and petitioner was granted specific, but liberal, visitation rights which he has fully exercised, maintaining a substantial parental relationship with his children. On July 8, 1993, respondent informed petitioner that she was relocating with the children to Indiana (a 15-hour, 800-mile drive) on August 21, 1993, prompting petitioner to bring this proceeding to prohibit said relocation.

During the summer of 1991, Gary Felsten, a professor at a nearby college, joined respondent in the former marital residence. In May 1992, Felsten learned that he would not be granted tenure and his employment at the college would end the following year. Felsten began a nationwide search for a new position in October 1992. In mid-March 1993, Felsten asked respondent to marry him and, shortly thereafter, she agreed. In May 1993, Felsten learned that he would likely be offered a position in Indiana. During June 1993, the nature of respondent's employment changed and she resigned and, thereafter, made only a very limited effort to find employment. On July 5, 1993, Felsten received and accepted a formal offer for the Indiana position. On July 8, 1993, respondent advised

petitioner of the intended relocation and on July 11, 1993 Felsten and respondent were married.

By order to show cause dated July 21, 1993, which temporarily restrained the relocation of the children, petitioner commenced this proceeding to prohibit the relocation or, in the alternative, for custody of the children. Respondent cross-petitioned for permission to relocate with the children. After a hearing, Family Court concluded that although Felsten's move was caused by economic necessity, respondent's economic circumstances were foreseeable and self-created and, therefore, respondent failed to overcome the presumption that the proposed relocation would not be in the best interests of the children. Family Court entered an order prohibiting respondent from relocating the children. Respondent and the children's Law Guardian appeal.

In the case at bar respondent does not contest that relocation to Indiana would deprive petitioner of regular and meaningful access to the children (see, Matter of Wittig v Wittig, 215 AD2d 927); however, she asserts that the relocation is justified by exceptional circumstances. This Court has summarized the law as it applies to relocation cases in Matter of Atkinson v Atkinson (197 AD2d 771) by stating that: "It is * * * well settled that the 'best interest of the child' standard applies to all child custody cases * * * and that a geographic relocation which substantially affects the visitation rights of the noncustodial parent gives rise to the presumption that 'such relocation is not in the child's best interest' * * *. The presumption may be rebutted 'upon a showing of exceptional circumstances by the relocating parent' * * *. The emerging trend which justifies relocation requires proof that the move is necessitated by economic necessity rather than economic betterment or mere economic advantage * * * [T]he remarriage of the custodial parent alone is simply not a sufficient justification to remove the child" (supra, at 772 [citations omitted] [emphasis in original]). Respondent's burden to rebut the presumption is heavy and great deference will be given to the findings of Family Court (see, Matter of Skeval v Skeval, 210 AD2d 751, 751-752; Matter of Radford v Propper, 190 AD2d 93, 100).

Respondent argues that Family Court erred by considering Felsten's economic situation separately from respondent's economic situation. However, the circumstances of this case support Family Court's reasoning and conclusion; to determine otherwise would allow the new spouse's economic situation to be the determining factor regarding economic necessity. Fam-

ily Court properly examined both Felsten's and respondent's economic situations in determining that respondent did not prove exceptional circumstances. The record supports Family Court's observation that respondent's "economic necessity appears to be self-created". Until she experienced her own job difficulties, respondent was self sufficient and did not rely on Felsten for support. She made little effort, if any, to replace the loss of her employment, the loss itself coming suspiciously close to the date of her remarriage and resultant proposed relocation. Furthermore, the proposed relocation was not the result of a postmarital occurrence but a clearly foreseeable consequence of respondent's deepening relationship with Felsten. Family Court's conclusion that respondent failed to sufficiently establish compelling or exceptional circumstances is supported by the record. We affirm.

Mercure, J. P., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.