■ In the Matter of ARICK H. SANDMAN, Respondent-Appellant, v KATHERINE L. SANDMAN, Appellant-Respondent. [643 NYS2d 755] —Cardona, P. J.

The parties were married on May 20, 1989. Their twin sons were born on February 21, 1990. In May 1994, respondent took the children to her parents' home in Maine. She never returned to the marital residence in the Village of Margaretville, Delaware County, and established a new residence in New Hampshire near her parents. Petitioner commenced the instant proceeding seeking sole custody in July 1994. Following a hearing, Family Court awarded sole custody of the children to respondent on the condition that she relocate to a place within a 120-mile radius of the Village on or before May 31, 1995. In the event that respondent did not comply with the relocation condition, sole custody was awarded to petitioner. Respondent appeals and petitioner cross appeals.

Initially, we note that petitioner failed to comply with this Court's order of February 29, 1996, which dismissed his appeal unless he filed and served a brief on or before March 15, 1996. Therefore, the propriety of Family Court's award of sole custody to respondent is no longer an issue. The only issue remaining for our consideration is the propriety of the condi-

tion requiring respondent to relocate within a 120-mile radius of the Village.*

In the recently decided case of *Matter of Tropea v Tropea* (87 NY2d 727), the Court of Appeals reviewed the formulae and presumptions developed by courts to resolve requests by custodial parents for permission to relocate, particularly the three-tiered meaningful access-exceptional circumstances analysis endorsed by our Court (*see, e.g., Matter of MacCue v Chartier*, 208 AD2d 1107; *Matter of Raybin v Raybin*, 205 AD2d 918; *Matter of Lake v Lake*, 192 AD2d 751; *Matter of Schaefer v Brennan*, 170 AD2d 879). The Court of Appeals adopted an open-ended balancing approach, one which considers each relocation request "on its own merits with due consideration of all the relevant facts and circumstances and with predominant emphasis being placed on what outcome is most likely to serve the best interests of the child" (*Matter of Tropea v Tropea, supra*, at 739).

In the instant case, Family Court based its decision not to permit respondent's relocation to New Hampshire on her failure to demonstrate "exceptional circumstances" to justify the move. Thus constrained, the court was summarily foreclosed from considering other justifications for the move available under the open-ended balancing analysis (*see, Matter of Tropea v Tropea, supra*, at 739-740). Accordingly, there should be a remittal to Family Court for reconsideration of the petition in light of the Court of Appeals decision in *Matter of Tropea v Tropea* (*supra*).

Mercure, White, Casey and Spain, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Delaware County for further proceedings not inconsistent with this Court's decision.

---

* The relocation condition has been stayed during the pendency of this appeal by order of this Court.