■ In the Matter of SHARON THOMSON, Respondent, v CHARLES THOMSON, Appellant. — Appeal from that part of an order of the Family Court of Chemung County (Danaher, Jr., J.), entered August 26, 1983, which awarded physical custody of the parties' three-year-old daughter to petitioner. ¶ Family Court awarded respondent permanent custody of the parties' 12-year-old son and 11-year-old daughter, and awarded petitioner permanent custody of the parties' three-year-old daughter. Respondent challenges that part of the order which is adverse to him on the ground that no plenary hearing was conducted and that the children should not be separated from each other. In opposition, petitioner points out that the parties agreed to waive a hearing and that the best interest of the children is served by leaving custody as ordered. ¶ In February, 1983, petitioner commenced this proceeding for custody of the three

---

children. A nonplenary hearing was conducted on March 25, 1983, at which time the husband asked for an adjournment so that a Law Guardian could be appointed. Thereafter, two more hearings were adjourned until July 27, 1983, at which time the matter was reconvened before Family Court. Present were the attorneys for both parties. Family Court indicated that it was fully prepared to conduct a hearing at that time. Instead, however, respondent's attorney placed the following agreement on record: "Pursuant to our conversation — my conversation with my client, it is my understanding that the temporary order of custody will be continued pending a determination by the court based upon the information in the file, and any additional information that the parties wish to submit to the court, which would include an update report from the law guardian." ¶ Family Court reserved and rendered its written decision on August 26, 1983. Submitted to the court prior to its decision were two Law Guardian reports, evaluations and letters from four psychiatrists and psychologists, and letters of recommendation from respondent's church and an institution at which he had done voluntary work. Family Court's decision noted its reliance upon those reports and evaluations. The decision followed the recommendation indorsed by the Law Guardian's report. The Law Guardian stated that his conversation with the two older children, who were in respondent's custody, indicated their preference to continue residing with respondent. The Law Guardian noted that custody of the youngest daughter had always been with petitioner and that the children were seeing their noncustodial parents at least once a week. The Law Guardian's report and the psychological evaluations reveal no challenge to the fitness of either parent to rear the children. ¶ Both parties were given ample opportunity to have a plenary hearing, but neither wanted it. Instead, they chose to have Family Court make its determination based upon the papers before it. After examining the reports and evaluations, Family Court determined that a hearing would be unproductive and merely create a stressful experience for the children. The court's decision was appropriate given the circumstances. ¶ Order affirmed, without costs. Mahoney, P. J., Main, Weiss, Levine and Harvey, JJ., concur.