Petitioner was found guilty after a Superintendent's hearing of violating disciplinary rules prohibiting assault on staff, violent conduct and refusal of a direct order. The misbehavior report and corroborating testimony provide substantial evidence to support the determination of guilt. Further, petitioner waived any challenge to the adequacy of the notice of charges or their duplicative nature by failing to raise these issues at the hearing and, in any event, the charges were not duplicative and were sufficiently specific to meet regulatory requirements and to apprise petitioner of the nature of the charges against him so that he could prepare a defense. We also find no evidence of partiality on the part of the Hearing Officer. Finally, the penalty imposed is not so disproportionate as to shock our conscience. We have considered petitioner's other contentions and find them to be without merit.

Cardona, P. J., Mercure, White, Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

■ Raymond D. Bleck, Respondent, v Debra Brown, Appellant. [629 NYS2d 315] —Spain, J. Appeal from an order of the Family Court of Cortland County (Mullen, J.), entered September 21, 1993, which, *inter alia*, denied respondent's application, in a proceeding pursuant to Family Court Act article 6, to modify a prior custody order.

Petitioner and respondent are parents of a child born out of wedlock in 1987. The child resided with both parties for a little more than 16 months; thereafter, the child resided with respondent and petitioner was granted informal visitation. Petitioner consented to an order of filiation and an order of support in May 1991. By order to show cause dated August 11, 1992, the parties were granted temporary joint custody and respondent was directed not to remove the child from New York without prior written consent of the court pending further proceedings. Respondent married David Tobias on October 17, 1992. Tobias is a professional music sound engineer who works in the San Francisco Bay area. Subsequent to their marriage Tobias, while continuing his employment in California, maintained residences in California and New York, where he has sought employment without success. Respondent asserts that during this same period of time she was unemployed with limited prospects for employment and career growth in central New York.

During appearances before Family Court on January 20, 1993 and March 19, 1993, the parties stipulated and consented to the provisions of a final order thereafter entered on April 28, 1993 which granted, *inter alia,* joint custody of the child to the parties and directed that the child not be removed from New York without prior written consent of the court. In July 1993 respondent filed a motion seeking to modify the custody order requesting permission to relocate with the child to California. Family Court, without holding a plenary hearing, denied respondent's motion. Respondent appeals.

The record reveals that Family Court entertained oral argument regarding respondent's relocation motion and made its decision without holding a hearing. At the time of their appearance on the motion, counsel were allowed to argue the issues and to submit further memoranda of law. At the conclusion of oral argument Family Court clearly stated that it would reserve decision and thereafter rule on the motion; at no time did counsel for either party or the Law Guardian request a hearing. In fact, the record shows that counsel and the Law Guardian clearly understood and agreed that the court's decision would be made on the submitted papers, the oral arguments and the recommendation of the Law Guardian. Neither party nor the Law Guardian has raised the court's failure to hold a hearing on this appeal; we conclude that the parties waived a hearing (*see, Matter of Thomson v Thomson,* 102 AD2d 955).

It is well settled that "relocation will not be judicially sanctioned in the absence of exceptional or compelling circumstances, and the heavy burden of proving said circumstances is upon the custodial parent who seeks relocation" (*Matter of Skeval v Skeval,* 210 AD2d 751, 751-752). In the case at bar the record is devoid of evidence of sufficient economic hardship on the part of respondent to justify relocation of the child. Petitioner has regularly exercised his visitation; because respondent's desire to be with her new husband is not a significant justification for relocation, we affirm Family Court's determination (*see, supra*). Under the circumstances of this case, the removal of the child to California will not be in his best interest.

Cardona, P. J., Mercure, White and Peters, JJ., concur. Ordered that the order is affirmed, without costs.